## VAN BLAIRCUM v. CAMPBELL.

1. MOTOR VEHICLES—DEATH—RATE OF SPEED—CAUSAL RELATION.
   In action for death of guest passenger in defendant's automobile, where death was caused by collision with rear end of trailer which defendant failed to see, rate of speed at which he was driving is not important, in absence of showing that it had causal relation to accident.

2. SAME—NEGLIGENCE—GROSS NEGLIGENCE—WILFULNESS—WANTONNESS—GUEST PASSENGER ACT.
   If driving at speed of 45 miles an hour at night when collision occurred resulting in death of guest passenger is negligence, it is not gross negligence, nor is it wilfulness or wantonness (1 Comp. Laws 1929, § 4648).

3. SAME—PROXIMATE CAUSE—LIABILITY UNDER GUEST PASSENGER ACT.
   Failure of automobile driver to see trailer in front of him, which was proximate cause of collision resulting in death of guest passenger, is at most ordinary negligence, for which driver is not liable under guest passenger act (1 Comp. Laws. 1929, § 4648).

Appeal from Livingston; Collins (Joseph H.), J. Submitted October 29, 1931. (Docket No. 141, Calendar No. 35,972.) Decided January 4, 1932.

Case by Anna Van Blaircum, administratrix of the estate of William E. Van Blaircum, deceased, against Andrew Campbell for personal injuries received in an automobile collision resulting in the death of plaintiff's decedent. Directed verdict and judgment for defendant. Plaintiff brings error. Affirmed.

*John F. Berry,* for plaintiff.

As. to liability of owner or operator for injury to guest, see annotation in 50 L. R. A. (N. S.) 1100; L. R. A. 1916E, 1193; L. R. A. 1918C, 276; 20 A. L. R. 1014; 26 A. L. R. 1425; 40 A L. R. 1338; 47 A. L. R. 327; 51 A. L. R. 581; 61 A. L. R. 1252; 65 A. L. R. 952.

*Don W. Van Winkle* and *Shields & Smith,* for defendant.

CLARK, C. J. Plaintiff appeals from judgment on verdict directed for defendant. Plaintiff's decedent was gratuitous passenger in an automobile owned and driven by defendant. It collided in the night on a public highway with the rear of a trailer. Defendant did not see the trailer. Perhaps he was not as watchful as he should have been. If defendant had seen the trailer and had been unable to stop in time, or if some question of lack of control were involved, the rate of speed might be important, but, as he did not see the trailer, how the speed has causal relation to the accident is not pointed out. But if speed of 45 miles per hour be conceded to be negligence it would not be gross negligence nor would it be wilfulness or wantonness.

The proximate cause of the accident was defendant's failure to see the trailer. This mere failure, or inadvertence, or lack of care is, at most, ordinary negligence, so called. There is no room on this record to find gross negligence, nor to find wilfulness or wantonness. See *Gibbard* v. *Cursan,* 225 Mich. 311, where the matter is discussed.

Act No. 19, Pub. Acts 1929 (1 Comp. Laws 1929, § 4648), then effective, provides:

"That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful or wanton miscon-

duct contributed to the injury, death or loss for which the action is brought.''

See *Naudzius* v. *Lahr*, 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179).

Verdict was directed for defendant on this statute and on another ground. On the facts stated and under the statute the court did not err. Other ground for direction of verdict is unnecessary to decision.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.