MATER v. BECRAFT.

1. MOTOR    VEHICLES—NEGLIGENCE—GROSS    NEGLIGENCE—WILFUL-
NESS—WANTONNESS—GUEST PASSENGER ACT.
  Term "gross negligence," as employed in guest passenger act
  (1 Comp. Laws 1929, § 4648), does not mean something of
  less degree than wilful and wanton misconduct.

2. SAME—ORDINARY NEGLIGENCE.
  Negligence in driving too fast and in not applying brakes in
  time to prevent accident at curve in highway was at most
  ordinary negligence, but it was not gross negligence or wanton
  and wilful misconduct within meaning of guest passenger act
  (1 Comp. Laws 1929, § 4648).

Appeal from Cass; Warner (Glenn E.), J. Sub-
mitted October 18, 1932. (Docket No. 128, Calendar
No. 36,818.) Decided January 3, 1933.

Case by Ida Mater against Jane Becraft for per-
sonal injuries received while a guest passenger in
defendant's automobile. Verdict and judgment for
plaintiff. Defendant appeals. Reversed, and judg-
ment ordered entered for defendant.

*Asa K. Hayden* (*Sheehan & Lyddick,* of counsel),
for plaintiff.

*Hendryx & Mosier* (*Burritt Hamilton,* of coun-
sel), for defendant.

POTTER, J. Plaintiff sued defendant to recover
damages arising from personal injuries alleged to
have been suffered by reason of defendant's gross
negligence and wanton and wilful misconduct while

As to what constitutes gross negligence within statute limiting
liability of owner or operator of automobile for injury to guest, see
annotation in 74 A. L. R. 1198.

riding with her in her automobile as a guest. (See 1 Comp. Laws 1929, § 4648.) From a judgment for plaintiff, defendant appeals. Both plaintiff and defendant had been visiting at Ann Arbor. They were returning home. It grew dark. As they approached the village of Decatur there was a curve in the highway. Neither plaintiff nor defendant saw the curve until just prior to the accident. It is a fair inference from all the testimony defendant was confused and misled by the lights at an oil station near the curve. Plaintiff does not claim defendant intentionally drove off the highway.

"The term 'gross negligence,' as employed in this statute, does not mean something of less degree than wilful and wanton misconduct. See *Oxenger* v. *Ward*, 256 Mich. 499." *Bobich* v. *Rogers*, 258 Mich. 343.

Defendant may have been negligent in driving too fast and in not applying the brakes in time. This lack of care on the part of defendant was at most but ordinary negligence. *Van Blaircum* v. *Campbell*, 256 Mich. 527; *Finkler* v. *Zimmer*, 258 Mich. 336; *Wyma* v. *Van Anrooy*, 260 Mich. 295. There is no proof which, under the decisions of this court, warranted the submission of the case to the jury.

Judgment reversed, with costs, and the case remanded for entry of judgment for defendant.

McDonald, C. J., and Clark, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.