BALCER v. PERE MARQUETTE RAILWAY CO.

1. MOTOR VEHICLES—EXCESSIVE SPEED—NEGLIGENCE.

    Driving truck at speed in excess of statutory limit alone is only ordinary negligence, not gross negligence or wanton and wilful misconduct.

2. SAME—TRUCKS—ICY PAVEMENT—EXCESSIVE SPEED—GROSS NEGLI-GENCE.

    Charge of gross negligence or wanton and wilful misconduct in driving truck at an excessive speed on an icy pavement is not sustained where pavement was not icy in all places and there is no showing truck had skidded or slipped because of ice prior to the collision.

3. SAME—RAILROADS—CROSSING GATES—DEGREE OF CARE.

    Due care must be exercised by truck driver in approaching railroad crossing protected with gates but degree of care is influenced by fact they are not lowered.

4. RAILROADS—CROSSING GATES—NEGLIGENCE.

    Question of negligence of railroad company in failing to operate crossing gates as required by law held, for jury in action by guest passenger of truck colliding with locomotive (2 Comp. Laws 1929, §§ 11170–11172).

5. NEGLIGENCE—IMPUTED NEGLIGENCE—MINORS—GUEST PASSENGERS.

    Negligence of truck driver involved in collision with locomotive at railroad crossing is not imputable to minor who is his guest passenger.

6. MOTOR VEHICLES—RAILROADS—CROSSING ACCIDENT—GATES.

    Evidence held, insufficient to show that minor guest passenger or the driver of a truck which collided with locomotive saw or should have seen train in time to have avoided collision where crossing gates were not lowered.

7. RAILROADS—CROSSING GATES—PROXIMATE CAUSE.

    Directed verdict for railroad company in action by guest passenger on truck which collided with locomotive is set aside where conflicting testimony does not permit holding as a matter of law that railroad's negligence in failing to operate crossing gates was not a contributing proximate cause of the injury or that injury was due solely to truck driver's subsequent negligence.

Appeal from Bay; Houghton (Samuel G.), J. Submitted January 17, 1934. (Docket No. 23, Calendar No. 36,999.)   Decided April 3, 1934.

Case by Theodore Balcer, by next friend, against Pere Marquette Railway Company and John A. Andrzejewski for personal injuries sustained while a guest passenger in defendant Andrzejewski's truck when it collided with a train.   Directed verdict and judgment for defendants.   Plaintiff appeals. Affirmed as to defendant Andrzejewski.   Reversed as to defendant Pere Marquette Railway Company.

*Kinnane & Manary,* for plaintiff.

*W. K. Williams* and *John C. Shields (Clark & Henry,* of counsel), for defendant Pere Marquette Railway Company.

*Albert W. Black (Howard D. Brown,* of counsel), for defendant Andrzejewski.

FEAD, J.   December 30, 1930, about 7:15 p. m., plaintiff, 15 years old, was injured in a collision between a Ford truck, driven by Chester, 15-year old son of defendant Andrzejewski, owner of the truck, and defendant railway company's freight train, in the city of Bay City.   Plaintiff was a guest passenger.   He charged Chester with gross negligence and the company with ordinary negligence.   The court directed verdict for both defendants on the ground that Chester was guilty only of ordinary negligence and that it was the sole proximate cause of the collision.

Plaintiff and Chester were going skating.   Chester drove at a speed of 45 miles per hour.   They went

16 blocks and then turned west into Cass avenue, about 4½ blocks from the railway track. The pavement was icy in spots and dry in spots. At some time before reaching the turn plaintiff told Chester not to drive so fast but the latter said he was in a hurry. At one point he swung out to pass children playing in the street. After turning into Cass avenue, and when about 300 feet from the track, Chester swung to the left to avoid children skating in the street and swung back to the right. A freight train was coming from the north. When 30 feet from the track Chester evidently saw the train as he applied the brakes. The street was icy at that place and the truck skidded into the train, striking the locomotive and injuring plaintiff.

Chester did not testify. Plaintiff said that after they passed the children, as well as before, he saw that the railway crossing gates were up and he did not see the train until immediately before the collision. Because the gates were up, he thought the way was clear and did not look for a train. However, he testified that when a block and a half from the track he called Chester's attention to it and suggested that he have his car under control.

The gross negligence charged against Chester was in driving at an excessive rate of speed on an icy pavement. The pavement was not icy in all places. One of the witnesses was testing his brakes on the street. There was no evidence that the truck had skidded or slipped because of the ice prior to the collision, nor that Chester had had any trouble in dodging the children or with traffic. The speed was excessive because it was above the statutory limit. Excessive speed alone is only ordinary negligence. The case presented no ground for the charge of gross negligence or wanton and wilful misconduct. *Elo-*

*witz* v. *Miller,* 265 Mich. 551; *Mater* v. *Becraft,* 261 Mich. 477.

The negligence charged against the railway company was in failing to operate its crossing gates, as required by law (2 Comp. Laws 1929, §§ 11170–11172). Where crossings are protected by gates which are not lowered, a driver approaching, nevertheless, must exercise due care. But the degree of care is influenced by the fact that the gates are not lowered. An ordinarily prudent person puts some reliance on the position of the gates. Usually the question of negligence under such circumstances is for the jury. *Motyka* v. *Railway Co.,* 256 Mich. 417.

As plaintiff is a minor, Chester's negligence is not imputable to him. Under plaintiff's testimony he would have seen the gates, had they been down, in time to warn Chester and avoid the collision. The testimony does not show that the boys saw the train before Chester applied the brakes. Nor does it demonstrate that they should have seen it at such a point that the lack of warning by lowered gates had ceased to be a factor of the collision and that the injury was caused solely by Chester's subsequent negligent acts.

The testimony is in conflict and we are not able to say, as a matter of law, that the railway company's negligence was not a contributing proximate cause of the injury. The case presents a jury question.

Affirmed, with costs as to defendant Andrzejewski and reversed, with costs and new trial, as to defendant railway company.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.