# HOWARD DAKINS v. S. F. BLACK.
## FLOYD SEBRING v. SAME.[1]

July 5, 1935.

Nos. 30,270, 30,271.

[1]Reported in 261 N. W. 870.

*Joseph P. O'Hara,* for appellant.

*N. J. Jones, Sam G. Anderson,* and *Leonard C. Klammer,* for respondents.

I. M. OLSEN, JUSTICE.

Two actions, one by Howard Dakins as special administrator of the estate of Dorothy Dakins, deceased, to recover damages for the death of Dorothy Dakins, and one by Floyd Sebring to recover damages for personal injuries, claimed to have been caused by the gross negligence of the defendant, S. F. Black, in operating an automobile. The actions were tried together and a verdict was returned in favor of the plaintiff in each case. Defendant thereafter moved in each case for judgment notwithstanding the verdict, or, if that be denied, then for a new trial, and appeals from an order denying the motion in each case.

On April 23, 1933, defendant, his wife, Dorothy Dakins, and Floyd Sebring, residents of Brookings, South Dakota, went on a pleasure trip from Brookings to Sioux Falls, South Dakota. The defendant owned and drove the Chevrolet touring car in which they traveled. They arrived at Sioux Falls about noon and spent the afternoon and part of the evening in that city. Sebring and Dorothy Dakins were riding with Mr. and Mrs. Black as their guests. The distance from Brookings to Sioux Falls is about 60 miles. The party started from Sioux Falls for home about nine o'clock in the evening, defendant driving the car and his wife sitting with him in the front seat. Miss Dakins and Sebring sat in the rear seat. Miss Dakins was 18 years of age and a student at the State College at Brookings. Sebring was a student at the same college. Miss Dakins stated that she wished to get back to Brookings by 10:30 o'clock. The road leads in a northerly direction from Sioux Falls to Brookings. For about 30 miles out of Sioux Falls the road was paved. From there on until about three miles from Brookings it was a graveled highway about 24 feet wide. There was some

loose gravel in the center of the road and on the edges thereof. As indicated on the photographs and by the testimony, the loose gravel was not deep or piled up so as to present any serious obstruction to cars passing each other or crossing from one side of the road to the other. On each side of the central part of the road there was a track or lane of travel, well-beaten and smooth except for a slight "washboard" effect from the passage of trucks and heavy vehicles. The night was dark. Defendant was driving at a speed of 50 to 55 miles an hour. After reaching the end of the pavement, he continued to travel in the lane on his right side of the road. When he had proceeded about 14 miles on the graveled road, an object became visible about 200 feet ahead of them which turned out to be a cattle truck, without lights, parked in his lane of travel. The color of the truck made it difficult to see in the situation. He pressed easily on the brakes to slow down and then turned his car to the left to pass the truck. The car was still going at a high rate of speed, and, when the front wheels and part of the car were over the center of the road, the rear wheels skidded or slued to the right in the loose gravel and the rear of the car crashed into the rear left corner of the truck and was wrecked and practically demolished. Up to the time of the accident defendant had operated the car with care, He had slowed down at curves in the highway and when meeting cars with bright lights. None of the occupants of the car had made any comment on or objection to his manner of driving or to the speed. His wife had at times called his attention to the fact that they were approaching a curve in the road. Except as to the speed of the car, there is nothing to show that the car was not properly operated. The statute of South Dakota limits the lawful speed of cars on the highways to 40 miles per hour. It may be noted that the evidence shows that the parked truck had on the rear thereof two small so-called reflectors. None of the occupants of defendant's car saw any reflection therefrom. Dorothy Dakins sustained injuries in the accident which caused her death. Sebring suffered numerous cuts and bruises. Defendant's wife also suffered some injury and was rendered unconscious for a short time.

1. The primary question for consideration is whether there is any evidence to sustain recovery in these cases on the ground of gross negligence on the part of defendant. The so-called guest statute of South Dakota [Rev. Code 1919, § 801, as amended by L. 1933, c. 147] provides as follows:

"Provided that no person transferred by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

The actions here are governed by this South Dakota statute. The trial court submitted to the jury the issue as to gross negligence. Wilful and wanton misconduct was properly not submitted.

In Lothian v. Western Union Tel. Co. 25 S. D. 319, 323, 126 N. W. 621, the court defined "gross negligence" as "the want of slight care and diligence," citing 29 Cyc. p. 423.

In Gilbert v. Bryant, 125 Neb. 731, 735, 251 N. W. 823, 825, the court defined "gross negligence" as follows:

"Gross negligence means great or excessive negligence; that is, negligence in a very high degree. It may be said that it indicates the absence of even slight care in the performance of a duty, and such, we think, is the meaning intended by the legislature."

Sheehy v. Abboud, 126 Neb. 554, 253 N. W. 683, has the same definition.

In Farmers Merc. Co. v. N. P. Ry. Co. 27 N. D. 302, 146 N. W. 550, 552, the court said:

"Gross negligence is, to all intents and purposes, no care at all. It is the omission of the care which even the most inattentive and thoughtless seldom fail to take of their own concerns."

In Shaw v. Moore, 104 Vt. 529, 531, 162 A. 373, 374, 86 A. L. R. 1139, it is said:

"Gross negligence is equivalent to the failure to exercise even a slight degree of care."

See 45 C. J. § 36, pp. 667, 668, and notes.

The trial court instructed the jury as follows:

"Negligence cannot be considered 'gross' unless evidenced by entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that the person on whom care was incumbent was indifferent to the interest and welfare of others. The negligence, if any, of the driver of the automobile, Mr. Black, cannot be considered 'gross' unless evidenced by entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that Mr. Black was indifferent and inattentive to the interest and welfare of those in his automobile."

The speed of the automobile in excess of the statutory or lawful limit was not sufficient to show gross negligence. Bobich v. Rogers, 258 Mich. 343, 241 N. W. 854; Thurston v. Carrigan, 127 Neb. 625, 256 N. W. 39; Ascher v. Friedman, 110 Conn. 1, 147 A. 263; Burke v. Cook, 246 Mass. 518, 141 N. W. 585; Balcer v. Pere Marquette Ry. Co. 266 Mich. 538, 254 N. W. 198.

Other cases cited on the general question of gross negligence or heedless or reckless operation of the automobile are Grabowski v. Seyler, 261 Mich. 473, 246 N. W. 189; Siesseger v. Puth, 213 Iowa, 164, 239 N. W. 46, 54; Silver v. Silver, 108 Conn. 371, 143 A. 240, 65 A. L. R. 943. Grabowski v. Seyler, 261 Mich. 473, 246 N. W. 189, is in many respects similar on the facts to our present case.

The Iowa statute uses the term "reckless operation" instead of the term "gross negligence," as used in the South Dakota statute. In their brief plaintiffs' attorneys say: "We can see no difference in the term 'gross negligence' as used in the South Dakota statute and the term 'reckless operation' as used in the Iowa statute. The legislatures of both states had the same intent." The opinion in Siesseger v. Puth, 213 Iowa, 164, 239 N. W. 46, gives a very extensive review of the definitions of "reckless" from numerous opinions

in many states and from the dictionaries. The court said [213 Iowa, 182], "but to be reckless in contemplation of the statute under consideration, one must be more than negligent. Recklessness implies 'no care, coupled with disregard for consequences.' "

Our own case of Brandsoy v. Bromeland, 177 Minn. 298, 225 N. W. 162, is clearly distinguishable on the facts from our present case. There the defendant heedlessly ran onto a railroad track at a crossing just in front of an approaching train. There were five warning signs, one at the side of the road 500 feet from the track, another 300 feet from the track, the usual cross-arm sign on each side of the track, and a red-light sign suspended over the crossing. Defendant did not see or else disregarded the signs until he was within 20 or 30 feet of the track. He did not see the train until the front wheels of his car were on the track. The road was a level, paved highway, and there was nothing to obstruct the view of the signs or of the train.

The case of Morris v. Erskine, 124 Neb. 754, 248 N. W. 96, is also readily distinguishable on the facts from the case at bar. We need not set out the facts in that case.

The evidence in the case at bar is to be viewed in the light most favorable to the plaintiffs, the parties having the verdicts. We agree with counsel for plaintiffs that whether gross negligence is shown depends upon the facts and circumstances in each case. There is little dispute in the evidence before us, and where there is dispute we resolve it in favor of the plaintiffs. So viewing the evidence, it is insufficient to show that the defendant was guilty of gross negligence. The defendant had been driving on this gravel road for 14 miles before reaching the place of the accident. There was a little loose gravel on parts of the road, as hereinbefore stated. The gravel had given no trouble. Defendant was driving in a well-packed lane of travel, and nothing occurred to indicate any danger until the cattle truck showed up, parked without lights, in defendant's lane of travel. What he did after seeing the truck, in the very short intervening distance and very short time, we have already stated. It amounted only to negligence, and it was negligence only because defendant was traveling at a speed in excess of the

statutory limit. The accident happened out in the country, and there was no traffic or anything to suggest danger until this truck showed up, parked as stated. Quite clearly, the defendant might be held guilty of ordinary negligence in driving at an excessive rate of speed, but that is not sufficient to convict him of gross negligence, and nothing is shown here which would increase or change his negligence from ordinary to gross negligence. If any inference could be drawn from the facts and circumstances shown, it could not reasonably be inferred that defendant, accompanied as he was by his wife and two guests, suddenly became so inattentive as to fail to exercise any care, or became wholly inattentive to the interest and welfare of his guests. His manner of driving up to the very time of the accident forbids any such inference or conclusion. On the decisions cited both by the plaintiffs and the defendant here, there is nothing to lift this case out of ordinary negligence and into the class of gross negligence.

Defendant assigns a number of errors on the charge and on the rulings on evidence. It is not necessary to pass on these assignments of error, and the holding above disposes of the case. Defendant was entitled to directed verdicts at the close of the evidence and is entitled to judgments notwithstanding the verdicts.

The orders appealed from are reversed with directions to cause judgment to be entered in defendant's favor in each case.

DEVANEY, CHIEF JUSTICE (dissenting).

I believe the orders appealed from should be affirmed. It was a fair question for the jury as to whether defendant was guilty of such gross negligence as would render him liable under the South Dakota so-called guest statute. When it is considered that defendant was exceeding the speed limit by 10 to 15 miles per hour, that it was nighttime, and that the road was surfaced with loose gravel, which every prudent driver knows or should know is dangerous and conducive to skidding and sluing, I believe the jury was justified in its verdict. Had the jury found for defendant in the first instance, I would not complain. But I do not think that this court should hold for the defendant as a matter of law where the jury has found

for plaintiffs. The jury had the facts before them, saw the witnesses, and adjudged defendant guilty of gross negligence. The evidence would support a finding either way. Their finding for plaintiffs should not be disturbed.