FINK v. DASIER.

1. APPEAL AND ERROR—REVIEW OF JUDGMENT NON OBSTANTE VERE-
DICTO—EVIDENCE.
    In reviewing judgment for defendant *non obstante veredicto*
    for plaintiff, testimony must be construed most favorably to
    plaintiff.

2. SAME—AUTOMOBILES—GROSS NEGLIGENCE—WILFUL AND WANTON
MISCONDUCT—EVIDENCE.
    In reviewing judgment for defendant *non obstante veredicto*
    for plaintiff in action under guest passenger act, decisive ques-
    tion is whether there is testimony in the record sustaining
    finding by jury that proximate cause of accident was gross
    negligence or wilful and wanton misconduct of defendant
    (1 Comp. Laws 1929, § 4648).

3. AUTOMOBILES—SPEED—NEGLIGENCE—GUEST PASSENGERS.
    In action under guest passenger act, driving a car at 70 miles
    an hour with dimmed lights on dry pavement 20 feet wide
    between 1 and 2 o'clock on moonlight morning in August on
    road with which driver was very familiar and colliding, with-
    out applying brakes, with another car traveling in same
    direction at 35 miles an hour *held*, at most only ordinary
    negligence, not gross negligence or wilful and wanton mis-
    conduct (1 Comp. Laws 1929, § 4648).

4. SAME—DRIVER'S COMPLIANCE WITH GUEST'S REQUESTS RELATIVE
TO SPEED.
    Driver of automobile is not, at his peril, required to· comply
    with request of guest relative to speed, nor does noncompliance
    therewith in and of intself evidence wilfulness or wantonness
    (1 Comp. Laws 1929, § 4648).

5. SAME—BRAKES—EMERGENCY—GROSS NEGLIGENCE—WILFUL AND
WANTON MISCONDUCT.
    That defendant driver failed to apply brakes when, as a result
    of his own negligence, he was suddenly and unexpectedly
    confronted with an emergency and accident was unavoidable

when he became aware of car traveling on highway in same direction immediately in front of his own, *held,* insufficient to constitute gross negligence or wilful and wanton misconduct within meaning of guest passenger act (1 Comp. Laws 1929, § 4648).

6. Nᴇɢʟɪɢᴇɴᴄᴇ—Wɪʟꜰᴜʟ ᴀɴᴅ Wᴀɴᴛᴏɴ Mɪꜱᴄᴏɴᴅᴜᴄᴛ Dᴇꜰɪɴᴇᴅ.

Elements necessary to constitute wilful and wanton misconduct are: (1) Knowledge of situation requiring exercise of ordinary care and diligence to avert harm to another; (2) ability to avoid resulting harm by ordinary care and diligence in use of means at hand; (3) omission to use such care and diligence to avert threatened danger, when to ordinary mind it must be apparent that result is likely to prove disastrous to another (1 Comp. Laws 1929, § 4648).

7. Aᴜᴛᴏᴍᴏʙɪʟᴇꜱ — Gᴜᴇꜱᴛ Pᴀꜱꜱᴇɴɢᴇʀꜱ — Dɪᴍᴍᴇᴅ Lɪɢʜᴛꜱ — Gʀᴏꜱꜱ Nᴇɢʟɪɢᴇɴᴄᴇ—Wɪʟꜰᴜʟ ᴀɴᴅ Wᴀɴᴛᴏɴ Mɪꜱᴄᴏɴᴅᴜᴄᴛ.

In action under guest passenger act, driving with dimmed lights *held,* not proximate cause of accident resulting when defendant's car, driven at rate of 70 miles an hour on dry pavement between 1 and 2 o'clock on moonlight morning in summer, overtook and collided with car driven in same direction at 35 miles an hour just past crest of a rise, where undisputed testimony shows defendant had ample range of vision so far as light was concerned (1 Comp. Laws 1929, § 4648).

8. Sᴀᴍᴇ—Gᴜᴇꜱᴛ Pᴀꜱꜱᴇɴɢᴇʀꜱ—Eᴠɪᴅᴇɴᴄᴇ.

In action by minor for injuries sustained in automobile collision, judgment for defendant *non obstante veredicto* for plaintiff *held,* correct, the proofs failing to make a case for plaintiff under guest passenger act (1 Comp. Laws 1929, § 4648).

Appeal from Washtenaw; Sample (George W.), J. Submitted October 15, 1935. (Docket No. 79, Calendar No. 38,600.) Decided November 12, 1935. Rehearing denied January 7, 1936.

Case by James Fink, by his next friend, William Fink, against Elbert Dasier for personal injuries sustained while a guest passenger in defendant's automobile. Verdict for plaintiff. Judgment for

defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Andrew J. Sawyer* and *Jacob F. Fahrner,* for plaintiff.

*Reading & Reading,* for defendant.

North, J. James Fink, a minor, by his next friend brought this suit under the so-called guest act (1 Comp. Laws 1929, § 4648) to recover damages for personal injuries which he sustained while riding in an automobile owned and driven by the defendant, Elbert Dasier. Plaintiff was given a verdict by the jury for a substantial amount of damages. Thereafter, on defendant's motion for judgment *non obstante veredicto,* the court entered judgment against plaintiff and he has appealed..

Plaintiff alleged in his declaration that defendant, against the protests of plaintiff, drove the Ford automobile in which they were riding at an unreasonable and reckless rate of speed, to-wit, at the rate of 70 miles per hour and collided with a Chevrolet automobile proceeding in the same direction on the highway at the rate of about 35 miles per hour. The testimony discloses that the accident occurred between 1 and 2 o'clock on the morning of August 31, 1934, while plaintiff and defendant were driving in a southerly direction on US–23 and at a point about five miles north of the village of Milan in Washtenaw county, Michigan. At the place of accident the paved portion of the highway was 20 feet in width and the shoulder on either side approximately 4 feet wide. It was a moonlight night, the pavement was dry, and the highway in the immediate vicinity was free from traffic other than the two machines

involved in this accident. Defendant had been driving at 70 miles per hour for some considerable distance and plaintiff testified that he told defendant "not to go so fast;" that plaintiff was afraid and there was "lots of time to get home." Defendant did not slacken his speed but was driving at the rate indicated until defendant's automobile struck the car ahead or at least to within a very few feet of the point of collision. The lights on the Chevrolet car were burning but there is some testimony that the light on the rear may have been dimmed somewhat by dust accumulated on the lamp. Plaintiff testified that he saw the red light on the Chevrolet when it was "around 500 feet" ahead of defendant's car. Later in his testimony plaintiff fixed this distance as being about 300 feet. As the cars proceeded in a southerly direction they went up and over a slight incline. Plaintiff did not know whether Dasier had previously seen the red light ahead of him. Dasier testified he did not see it until they had passed the crest of the hill and were within 20 feet of the Chevrolet. Plaintiff fixed this distance as about 15 feet. Defendant did not observe the car ahead of him until the cars were 15 or 20 feet apart. The Chevrolet was 3 or 4 feet westerly from the center line of the pavement. When the cars were only 3 or 4 feet apart plaintiff called to defendant to "look out." Defendant testified that as soon as he saw the car ahead he applied his brakes and made an effort to pass to the left of the Chevrolet. Plaintiff's testimony is that defendant did not apply his brakes and his car continued in a straight line instead of veering to the left. The testimony discloses that the right-hand front portion of defendant's car struck the rear portion of the Chevrolet. Evidently the collision resulted in defendant's losing control of his

car and it went to his left off the traveled portion of the highway and collided with posts which were a part of a highway barrier and connected with wire cables. Two of the posts were broken off and the force of the collision was such that plaintiff was thrown out of the automobile. After striking the Chevrolet defendant's car went about 240 feet before coming to a stop.

In reviewing the holding of the trial judge that defendant was entitled to judgment *non obstante veredicto,* the testimony contained in the record must be construed most favorably to plaintiff. Decision turns upon whether there is testimony in the record which will sustain a finding by the jury that the proximate cause of the accident was gross negligence or wanton and wilful misconduct on the part of defendant.

The accident happened under one of two sets of circumstances. Either the collision occurred after defendant saw or should have seen the red light on the rear of the Chevrolet at a time when it was 300 to 500 feet ahead of the car defendant was driving; or the collision occurred after defendant's car had reached the summit of the hill at which time he was 15 to 20 feet in the rear of the Chevrolet and without previous knowledge or warning that there was a car on the highway ahead of him.

It seems too plain for argument that defendant's failure to act if he saw or should have seen the Chevrolet when 300 to 500 feet in advance of his automobile, and driving in the same direction, at most would be negligence only, not gross negligence nor wanton or wilful misconduct. It must also be held as a matter of law that at most it was only ordinary negligence for defendant, who was very familiar with this highway, to drive his automobile at

the rate of 70 miles per hour under the circumstances surrounding him as he approached the point of accident and before he was aware of the presence of the other car preceding him down the hill. *Balcer* v. *Railway Co.*, 266 Mich. 538.

"The driver of an automobile is not at his peril required to comply with the request of a guest relative to speed, nor does noncompliance in and of itself evidence wilfulness or wantonness." *Bobich* v. *Rogers*, 258 Mich. 343.

Defendant's testimony is that as soon as he discovered the automobile ahead he applied his brakes in an effort to avoid collision. But plaintiff testified Dasier did not "put on his brakes." Accepting this testimony of plaintiff as true and also assuming, as plaintiff testified, that defendant's car was not turned to the left, nonetheless the testimony shows that the collision happened within a fraction of a second after the car ahead was observed and under circumstances which constituted ordinary negligence but which negative the presence of wilful or wanton misconduct or gross negligence on the part of defendant. Because of defendant's ordinary negligence he was suddenly and unexpectedly confronted with an emergency. The accident happened instantly. It was unavoidable after defendant became aware of the impending danger. Plaintiff has not established a case within the rule heretofore announced by this court in *Willett* v. *Smith*, 260 Mich. 101, and quoted in *McLone* v. *Bean*, 263 Mich. 113, as follows:

"The elements necessary to constitute wanton and wilful misconduct are: '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid

the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' "

Appellant stresses the fact that defendant was driving with dimmed lights. Notwithstanding this, the undisputed testimony is that defendant had ample range of vision so far as light was concerned. Having his lights dimmed did not contribute as a proximate cause to the accident.

Other questions presented by appellant have been duly considered; but under the record presented, we find that plaintiff has made a case of ordinary negligence only.

The proofs fail to make a case under the guest act, 1 Comp. Laws 1929, § 4648. The trial court ruled correctly in entering judgment *non obstante veredicto*. It is affirmed, with costs to appellee.

Potter, C. J., and Fead, Wiest, Butzel, and Bushnell, JJ., concurred. Nelson Sharpe and Edward M. Sharpe, JJ., did not sit.