## KEILITZ *v.* ELLEY.

AUTOMOBILES—EXCESSIVE SPEED—GUEST PASSENGERS—WILFUL AND WANTON MISCONDUCT.

> Driver of automobile *held,* not guilty of wilful and wanton misconduct allowing recovery for death under guest passenger act where in spite of warning by decedent's brother to slow down, defendant drove at excessive speed of 62 miles an hour at 2 a. m. on gravel road with which he was not very familiar and car went over embankment at unmarked curve after crossing railroad track (1 Comp. Laws 1929, § 4648).

Appeal from Tuscola; Cramton (Louis C.), J. Submitted June 2, 1936. (Docket No. 11, Calendar No. 38,943.) Decided September 2, 1936.

Case by Lue Keilitz, administrator of the estate of Austin Keilitz, deceased, against Everett Elley for fatal injuries sustained by deceased while a guest passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Guy G. Hill* (*Theron W. Atwood,* of counsel), for plaintiff.

*Picard & Heilman* (*Roland Kern,* of counsel), for defendant.

BUTZEL, J. Austin Keilitz, a guest passenger of Everett Elley, defendant, was fatally injured in an automobile accident at about 2 a. m. on April 14, 1935. Decedent and defendant met earlier in the evening, then separated and accidentally met again later the same night at a tavern near Caro, Michigan. They agreed to visit a dance hall at Wilmott, eight miles

from Caro. Decedent with his brother rode in a coupé owned and driven by defendant. After driving through Caro, they reached a gravel road which leads to Wilmott. The distance from the point at which they turned on to the Wilmott road to a railroad crossing further up the road was variously estimated at a quarter of a mile or less. The hour was late and defendant drove at a speed of 62 miles an hour, intending to return to Caro the same night where decedent and his brother had left their car.

Defendant lived near the village of Deford in the southeasterly part of Tuscola county and made infrequent visits to Caro. At the trial of the instant case, decedent's administrator offered defendant's answer in evidence, particularly calling attention to the new matter which showed that the Wilmott road was well packed, without loose gravel and defendant was not familiar with the road in detail, not having been over it in six months.

As the road nears the railroad crossing, there is a gradual incline over a distance of 20 rods, the ultimate rise being about three feet with an abrupt drop beyond the crossing. Ten or twelve feet beyond the tracks and in the direction the car was proceeding, there is a decided curve to the right, with wooden guard rails and posts on the left side of the road. There is no warning sign indicating the curve. As defendant approached the crossing and for some distance prior to reaching it, he was driving at the rate of 62 miles per hour. Decedent's brother warned defendant to slow up for the railroad tracks and defendant replied, "I sure can handle it." When the car struck the track, it left the road, it "leaped right up," and defendant could not make the turn, though he tried to. The car struck the guard rails and posts, knocked out several of them and finally turned and

dropped down the embankment, a distance of some 15 feet. Decedent died from his injuries within a few hours. Defendant also was badly hurt.

At the trial, the judge stated that he was out of sympathy with what he termed an utterly harsh construction of the guest passenger act (1 Comp. Laws 1929, § 4648) and that while he would follow the law, he did not intend to be carried away and reserved a right to find a little balm in this case. The jury only found a very little balm and awarded plaintiff the sum of $650. Defendant, by proper motion, asked for direction of verdict and judgment *non obstante veredicto.* The motions should have been granted. There was no showing of wilful and wanton misconduct. Excessive speed is not sufficient unless accompanied by wilful or wanton misconduct. We have expressed our views in recent cases so frequently that repetition is unnecessary. See, *Bobich* v. *Rogers,* 258 Mich. 343; *Mogill* v. *Resnick,* 263 Mich. 103; *Elowitz* v. *Miller,* 265 Mich. 551; *Schlacter* v. *Harbin,* 273 Mich. 465; *Fink* v. *Dasier,* 273 Mich. 416; *Holmes* v. *Wesler,* 274 Mich. 655.

The judgment is reversed without a new trial and, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.