BIELAWSKI *v.* NICKS.

1. BANKRUPTCY—RECOVERY FOR PERSONAL INJURIES ARISING FROM
ORDINARY NEGLIGENCE BARRED BY DISCHARGE—GROSS NEGLIGENCE.
   Discharge in bankruptcy bars recovery on a claim for personal
   injuries resulting from automobile collision where bankrupt's
   conduct was not so reckless and unmindful of consequences as
   to constitute gross negligence; since discharge bars recovery
   for damages arising from simple or ordinary negligence.

2. AUTOMOBILES—HEAD-ON COLLISION ON SHOULDER OF ROAD—CON-
TRIBUTORY NEGLIGENCE—WANTON MISCONDUCT—EVIDENCE.
   In action arising out of collision between defendant's car and
   one in which plaintiff was a guest passenger, where evidence
   shows cars had been driven in opposite directions on two-lane
   straight highway 20 feet wide with clear and uninterrupted
   view, that plaintiff's driver had seen defendant approaching
   and had driven off on right shoulder of road whereas defendant
   who had approached at speed of 45 to 60 miles an hour and
   attempted to overtake and pass car moving slowly in same
   direction as himself but could not do so nor return to proper
   lane also went off to his left shoulder of road and collided
   head-on with car in which plaintiff was riding, plaintiff's
   driver was free from contributory negligence and defendant,
   though driving carelessly, was not guilty of wanton miscon-
   duct, even when testimony is viewed in plaintiff's favor.

3. APPEAL AND ERROR—EVIDENCE—DISCHARGE IN BANKRUPTCY.
   Testimony is viewed in plaintiff's favor by appellate court in
   action for damages arising from alleged wilful and wanton
   misconduct in which defense of discharge in bankruptcy is
   interposed.

4. AUTOMOBILES—SPEED—GROSS NEGLIGENCE.
   Mere excessive speed does not constitute gross negligence.

5. SAME—SPEED—STRADDLING CENTER OF HIGHWAY—GROSS NEGLI-
GENCE.
Fact that defendant's car was swaying in the road, zigzagging
from side to side, and straddling the center while being driven
at speed of 45 to 60 miles an hour on a two-lane, straight
highway 20 feet wide is not in itself sufficient to constitute
gross negligence on part of defendant.

6. SAME—ZIGZAG DRIVING—GROSS NEGLIGENCE—DISCHARGE IN BANK-
RUPTCY.
Fact that defendant drove his car at 45 to 60 miles an hour on
a straight road 20 feet wide, straddling center, in a zigzag
path and swaying from side to side and failed to give heed to
oncoming car as he attempted to overtake and pass another
car, while constituting him negligent, would not constitute him
guilty of gross negligence, hence claim arising from head-on
collision because of such conduct was barred by defendant's
discharge in bankruptcy.

7. SAME—INTOXICATION.
Even intoxication of a motorist is not necessarily indicative of
wilful and malicious misconduct.

8. BANKRUPTCY—GROSS NEGLIGENCE—EVIDENCE.
In action for injuries sustained as result of defendant's con-
duct in driving his car at speed of 45 to 60 miles an hour on a
straight highway 20 feet wide in attempting to overtake and
pass another car without allowing for approach of oncoming
car, where evidence is disputed as to whether he had been
drinking, although it is admitted he was not intoxicated, de-
fendant, though careless, *held*, not guilty of gross negligence
as a matter of law, hence plaintiff, guest passenger in another
car, may not recover from defendant after he had been dis-
charged in bankruptcy proceedings in which plaintiff's claim
was listed in schedule of liabilities.

POTTER, CHANDLER, and MCALLISTER, JJ., dissenting.

Appeal from Wayne; Marschner (Adolph F.), J.
Submitted June 21, 1939. (Docket No. 85, Calendar
No. 40,536.) Decided September 6, 1939. Rehear-
ing denied November 9, 1939.

Case by Chester Bielawski against Joseph A.
Nicks for damages for personal injuries sustained

in a motor vehicle collision. Verdict and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Munro & Donovan* (*Donovan & Bachor*, on rehearing), for plaintiff.

*Walter Schweikart* and *Julien Winterhalter*, for defendant.

BUTZEL, C. J. This court granted leave to appeal from a verdict of $500 in plaintiff's favor for personal injuries arising out of an automobile accident. Shortly after the filing of the original declaration, which alleged ordinary negligence of defendant, defendant filed a petition in bankruptcy listing plaintiff's claim in his schedule of liabilities. Thereupon, by leave of court, plaintiff amended his declaration to charge gross negligence. The question we are asked to decide is whether the jury was correctly allowed to find from the evidence that defendant Nicks was guilty of such wanton misconduct that his liability to plaintiff survived his subsequent discharge in bankruptcy. Concededly, if his conduct was not so reckless and unmindful of consequences as to constitute gross negligence, recovery for simple or ordinary negligence is barred by that discharge.

Plaintiff, Chester Bielawski, was riding as a guest passenger in an automobile owned by John Nalepa and being driven by him in a southerly direction on Jefferson road in Macomb county. As the car crossed the intersection of Sugar Bush road, defendant Nicks, who was coming in the opposite direction on Jefferson road, attempted to overtake a slow moving vehicle which was also traveling north. As defendant turned to his left to pass, he was

squarely in the path of Nalepa's car. The latter, realizing the danger, drove over to the shoulder of the road on his own right side, where he had a right to be. Defendant, apparently expecting Nalepa to remain on the road, and being unable to get into the proper traffic lane, drove completely across the road and struck Nalepa's car on the shoulder of the highway. Plaintiff was thrown through the windshield and sustained lacerations on his face, requiring medical aid and abstinence from work for eight days.

The evidence leaves no doubt that Nalepa was driving in a reasonably careful and prudent manner and was free from any contributory negligence. There is equally no doubt that defendant was driving carelessly. In spite of the fact that it is viewed in plaintiff's favor, the testimony does not, however, support the claim that defendant was guilty of wanton misconduct. Jefferson road, a two-lane thoroughfare, is about 20 feet wide. Near the point of collision it is straight and the view on both sides is clear and uninterrupted. Defendant was driving at a speed variously estimated at from 45 to 60 miles per hour. While this was undoubtedly careless, we have consistently held that mere excessive speed does not constitute gross negligence. *Van Blaircum* v. *Campbell,* 256 Mich. 527; *Mater* v. *Becraft,* 261 Mich. 477; *Fink* v. *Dasier,* 273 Mich. 416. When the two cars were 700 to 1,200 feet apart, Nalepa testified that he saw defendant's car sway in the road, zigzag from side to side, and straddle the center of the highway. This testimony, even if accurate, cannot of itself give rise to any theory of gross negligence. It is not uncommon to drive a car in the middle of the road where no other car is approaching. An automobile traveling 60 miles per hour on

a road only 20 feet wide is hardly likely to hold a perfectly straight line. Of course, it was defendant's duty to resume a proper position on the road when the car in which plaintiff was riding had reasonably approached him; instead, he attempted to pass another car before nearing Nalepa's car. It is clear that Nicks failed to give heed to the oncoming automobile or to the situation in which he was placing himself and the occupants of Nalepa's car. Such action, while negligent, does not constitute wantonness nor wilfulness. *Wyma* v. *Van Anrooy,* 260 Mich. 295; *LeGroh* v. *Bennett,* 271 Mich. 526.

It is claimed that shortly after the accident defendant admitted that he had taken a drink some time before. Although this was contradicted, it may be assumed to be true. The testimony of all witnesses indicates, however, that defendant was not intoxicated. Furthermore, even intoxication is not necessarily indicative of wilful and malicious misconduct. *Bonnici* v. *Kindsvater,* 275 Mich. 304.

Taken independently, none of the individual claims relied on to show appellant's conduct grossly negligent sustains such a conclusion. Nor does the entire record warrant the inference made by the trial judge that, taken in the aggregate, the various phases of defendant's conduct such as speed, manner of driving, et cetera, substantiate the finding of gross negligence. The testimony indicates that appellant was proceeding at a high rate of speed; that he attempted to pass another car without making due allowance for Nalepa's car approaching in the opposite direction; that when he realized he could not pass safely, he sought to avoid a head-on collision by pulling over to the same shoulder toward which Nalepa had sought a place of safety. Defendant's judgment may have been poor; his re-

action to threatened peril unusually slow; his confusion great and his general conduct careless. Such characteristics were not lacking, however, to the operators of motor vehicles in *Finkler* v. *Zimmer,* 258 Mich. 336; *Willett* v. *Smith,* 260 Mich. 101; *Mater* v. *Becraft, supra; In re Mueller's Estate,* 280 Mich. 203, and numerous other cases where the absence of gross negligence has been affirmed as a matter of law. There is nothing in the present case which carries it outside of the strict rule laid down in those decisions.

The jury's finding that defendant Nicks was guilty of wanton and wilful misconduct is unsupported by the evidence. The judgment should have been for defendant. It is accordingly reversed, with costs, without new trial.

WIEST, BUSHNELL, SHARPE, and NORTH, JJ., concurred with BUTZEL, C. J.

McALLISTER, J. (*dissenting*). Defendant had a new Lincoln Zephyr automobile. There was evidence that, just prior to the accident, he was driving his car 60 miles an hour on a highway 20 feet wide and that the car was swaying all over the road. Defendant was going north, and the car in which plaintiff was a passenger was proceeding in a southerly direction. When defendant was 400 feet away, the driver of plaintiff's car noticed that defendant's car was proceeding at a high speed, swaying over the road, and coming toward them; and therefore drove to the right off the traveled portion of the road onto the shoulder in order to avoid danger. Defendant proceeded right on, crossed the highway to his left at high speed on the wrong side of the highway and collided with the car that was completely off the road. There was evidence that after the accident

there was the odor of alcohol on defendant's breath. Was there any evidence to submit to the jury that defendant was guilty of gross negligence? The trial court ruled that it was a question of fact for the jury. It is impossible to see how he could have done otherwise. There was no error. Judgment should be affirmed.

POTTER, and CHANDLER, JJ., concurred with Mc-ALLISTER, JJ.