## QUINLAN *v.* WELLS.

1. AUTOMOBILES—GROSS NEGLIGENCE—FAILURE TO SEE TAIL LIGHT OF TRUCK AHEAD.

In action by father of two daughters who were injured while riding in defendant's car when it collided with rear end of a truck, the tail light of which defendant claimed was obscured by a sander attached to the rear of the truck, in which action the matter of speed was not well pleaded, defendant, as a matter of law, was not guilty of gross negligence nor wilful and wanton misconduct nor of more than ordinary negligence since the proximate cause of the accident was his failure to see the truck and mere excessive speed does not constitute gross negligence (1 Comp. Laws 1929, §§ 4648, 4697, as amended by Act No. 119, Pub. Acts 1933).

2. PLEADING—SPEED—CONCLUSIONS.

  Allegation that defendant in action for injuries to his passengers arising out of rear-end collision with truck was driving at a high and dangerous rate of speed without setting up some particular rate of speed *held*, merely to plead a conclusion.

3. SAME—CONCLUSIONS.

  A declaration should plead facts, not conclusions.

4. AUTOMOBILES—SPEED—GROSS NEGLIGENCE.

  Mere excessive speed does not constitute gross negligence so as to permit recovery under the guest passenger act (1 Comp. Laws 1929, § 4648).

Appeal from St. Clair; Robertson (William), J. Submitted October 10, 1939. (Docket No. 58, Calendar No. 40,555.) Decided December 19, 1939.

Case by William Quinlan against Louis Wells for damages for personal injuries sustained by his daughters while passengers in defendant's automobile. From judgment on pleadings for defendant, plaintiff appeals. Affirmed.

*Miles K. Benedict,* for plaintiff.

*Stewart & Black* (*William C. Searl,* of counsel), for defendant.

POTTER, J. Plaintiff sued defendant to recover damages resulting to his two daughters, guest passengers of defendant who plaintiff claims was guilty of gross negligence and wilful and wanton misconduct.

The facts pleaded upon which plaintiff relies are that defendant drove his automobile at an unsafe and imprudent speed, unreasonable and improper having regard to the surface of the highway, traffic

and atmospheric conditions then existing, contrary
to the provisions of 1 Comp. Laws 1929, § 4697, as
amended by Act No. 119, Pub. Acts 1933 (Comp.
Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565), by
operating the motor vehicle in such manner and at
such speed as to make it impossible for him to bring
his automobile to a stop within the assured clear dis-
tance ahead, and by driving the same while blinded
by a snowstorm and with insufficient vision ahead at
a high and dangerous speed under the conditions
then existing, in consequence of which defendant's
guests were injured.

Defendant by way of answer sets up that the
collision mentioned in plaintiff's declaration was
without fault or negligence on his part; that he ran
into a truck, the tail light of which he claims was
obscured by a sander attached to the rear thereof,
which was backing toward defendant's automobile.
Defendant made a motion for a directed verdict upon
the pleadings upon the ground plaintiff's declaration
failed to state a cause of action and that plaintiff,
as parent of the two girls, had no right of action in
any event against defendant for the reason such
common-law cause of action was abolished by the
Michigan guest passenger act (1 Comp. Laws 1929,
§ 4648 [Stat. Ann. § 9.1446]).

The trial court, on motion, directed a verdict for
defendant. Plaintiff appeals.

Plaintiff contends his declaration sets forth a
cause of action under the guest passenger act, citing
*Manser* v. *Eder,* 263 Mich. 107; *Goss* v. *Overton,* 266
Mich. 62; *Schlacter* v. *Harbin,* 273 Mich. 465. De-
fendant contends that to constitute a charge of gross
negligence or wilful and wanton misconduct the dec-
laration must plead facts lifting the owner's faults
above ordinary negligence, and that unless the dec-

laration does state facts to show wilful and wanton misconduct or gross negligence no recovery may be had. *Naudzius* v. *Lahr,* 253 Mich. 216 (74 A. L. R. 1189, 30 N. C. C. A. 179). Defendant contends the pleadings herein do not set forth a basis of recovery. *Grabowski* v. *Seyler,* 261 Mich. 473; *Pawlicki* v. *Faulkerson,* 285 Mich. 141.

The proximate cause of the accident was defendant's failure to see the truck. There can be no doubt about this. Defendant claims the tail light on the truck, if there was one, was obscured. In *Van Blaircum* v. *Campbell,* 256 Mich. 527, it was said:

"The proximate cause of the accident was defendant's failure to see the trailer. This mere failure, or inadvertence, or lack of care is, at most, ordinary negligence, so called. There is no room on this record to find gross negligence, nor to find wilfulness or wantonness."

In *Grabowski* v. *Seyler, supra,* it was a dark night, misting and snowing, the road was slippery, there was sleet on the defendant's automobile. The court said:

"The record shows that when the defendant saw this truck ahead of him he pulled out to the side of the road and attempted to pass it and avoid any collision therewith. He says there was nothing further could be done than was done by him under the circumstances to avoid the accident. This is not gross negligence."

The speed of defendant's automobile is not pleaded. Whether he was driving 25, 50 or 75 miles an hour, or at some other rate of speed, is not set up. It is claimed he was driving at a high and dangerous rate of speed under the conditions then existing. This is a conclusion. A declaration should plead

facts, not conclusions. Mere excessive speed does not constitute gross negligence. *Mater* v. *Becraft*, 261 Mich. 477; *Fink* v. *Dasier*, 273 Mich. 416. There is nothing in the pleadings which takes this case out of the rule of ordinary negligence. *Bielawski* v. *Nicks*, 290 Mich. 401.

Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.