COPPIN *v.* LIPPY.

1. AUTOMOBILES—ERROR OF JUDGMENT—SPEED—SNOW STORM—GROSS NEGLIGENCE—GUEST PASSENGERS.

> Mere error of judgment on part of motorist in so driving at speed of 45 to 50 miles an hour on paved highway during nighttime late in January in a snow storm when the visibility was very poor and after guests had requested him to slow down as to strike a culvert hidden by the snow at the side of the road and off the pavement *held,* as a matter of law not to constitute gross negligence so as to impose liability upon defendants, host and owner of car, for injuries sustained by plaintiffs, two guest passengers riding in the front seat with defendant driver (1 Comp. Laws 1929, § 4648).

2. NEGLIGENCE—GROSS NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.

> Gross negligence does not mean something of less degree than wilful and wanton misconduct as those terms are used in the guest passenger act (1 Comp. Laws 1929, § 4648).

Appeal from St. Joseph; Jacobs (Theo. T.), J. Submitted October 9, 1941. (Docket No. 23, Calendar No. 41,664.) Decided December 2, 1941.

Separate cases by Edward W. Coppin and Della Coppin against John D. Lippy, Jr. and Greyhound Management Company, a foreign corporation, for injuries received in an automobile accident. Cases tried together. Directed verdicts for defendants. Plaintiffs appeal. Affirmed.

*Jackson, Fitzgerald & Dalm,* for plaintiffs.

*Leo H. Robb* (*Raymond H. Dresser,* of counsel), for defendants.

BUTZEL, J. The suits of Edward W. Coppin and Della Coppin against John D. Lippy, Jr., and the

---

For comments on wanton and wilful misconduct, see 2 Restatement, Torts, § 282 and special note, and § 500 and special note.

Greyhound Management Company were tried together and brought here on one record. Plaintiffs, husband and wife, were guest passengers of John D. Lippy, Jr., who on the 24th day of January, 1939, took them in a car belonging to the Greyhound Management Company from Colon to Sturgis, Michigan, where they attended a banquet. Later in the evening Lippy drove them home. During the evening it had begun to snow and when they were on their way home the snow was from two to three inches deep and was coming down very hard. They all sat on the front seat, Mrs. Coppin being seated next to the driver, and Mr. Coppin to the right of her. The car had only a single windshield wiper which was in good working order and afforded a view only to the driver. Both plaintiffs were nervous on account of the fast rate of speed of the driver. They claim that after they left the hotel and approached a nearby intersection, the driver stopped just in time to avoid colliding with a large van. The road home was a paved highway with graveled berms alongside the pavement. Several times the car traveled or skidded over onto the berm but this was rectified. The car proceeded at a rate of 45 to 50 miles an hour. They asked the driver to slow down on account of the poor visibility, but he stated he could see. They claim that they could only see six feet but they also testified that they were not in a position to see what the driver saw. Later and almost contemporaneously with the request of Della Coppin that the driver slow down, she had looked at the speedometer and it had registered 48. She also saw they were coming to the end of the gravel when she made the request but before the car reached the end of the gravel, it went off the pavement and struck a culvert that was hidden by the snow. The car was damaged and the passengers were injured. Another car coming along took them

to the hospital and the driver of that car testified that the visibility was very bad and that he also skidded when he was going at a lower rate of speed to the hospital. Considering the testimony most favorably toward plaintiffs, as the verdict was directed against them after they had presented their testimony, the judge held that they were guest passengers and, therefore, not entitled to recover.

The question of liability where the same degree of negligence was claimed has been frequently before us, but the factual conditions in each case are so different that there is no set pattern in which the cases fit. Plaintiffs rely on *Lucas* v. *Lindner,* 276 Mich. 704, but in that case the car had skidded into the ditch, had had to be pulled out and continued listing constantly upon a slippery road, yet the driver in defiance of his promise to drive more carefully persisted in driving at the same rate of speed and finally collided with a tree after failing to make a turn on the three-way corner upon coming over a hill 150 feet from the tree. The majority opinion of the court held that there was liability. The wantonness and wilfulness found by the court in that case do not exist in the present one, which presents only an error of judgment on the part of the driver. *Case* v. *Klute,* 283 Mich. 581. Excessive speed is not gross negligence. *Bobich* v. *Rogers,* 258 Mich. 343. *In re Mueller's Estate,* 280 Mich. 203. In *Grabowski* v. *Seyler,* 261 Mich. 473, we held that the driver of an automobile on a snowy, sleety morning, who, when he saw a poorly lighted truck ahead of him, turned out and attempted to pass, but skidded, colliding with the truck, was not grossly negligent. Gross negligence does not mean something of less degree than wilful and wanton misconduct.* Also,

---

* See 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446).—REPORTER.

see *Schlacter* v. *Harbin,* 273 Mich. 465; *Quinlan* v. *Wells,* 291 Mich. 214; *Bielawski* v. *Nicks,* 290 Mich. 401.

Judgment for defendants affirmed, with costs.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, Starr, and Wiest, JJ., concurred.