PISCOPO *v.* FRUCIANO.

1. AUTOMOBILES—SPEED—RUNNING TRAFFIC LIGHTS—NEGLIGENCE AS MATTER OF LAW.

Motorist who drove his car at an excessive rate of speed through a red traffic light and lost control of his car when tire caught in the streetcar track was guilty of negligence as a matter of law.

2. SAME—NEGLIGENCE—GUEST PASSENGERS.

Ordinary negligence does not make the driver of a car liable to his guest passenger under the guest passenger act (1 Comp. Laws 1929, § 4648).

3. SAME—GUEST PASSENGER ACT—STATUTES—ORDINANCES—SPEED.

Violation of statute or ordinance by driving an automobile in the business or residential section of a city at an unlawful rate of speed does not constitute gross negligence or wilful. and wanton misconduct under the guest passenger act (1 Comp. Laws 1929, § 4648).

Violation of statute as to speed of automobile as an element to be considered in determining wilful and wanton misconduct, see 2 Restatement, Torts, § 500, comment e; see, also, § 282, comment d and special note.

4. Same—Speed—Streets Icy in Spots—Loss of Control—Wrong
   Side of Street—Gross Negligence—Wilful and Wanton Mis-
   conduct.

   Motorist who drove his car at an excessive rate of speed and lost
   control of his car when his tire was caught in a streetcar track
   on pavement which was wet or icy in spots and otherwise dry,
   who failed to regain control of car which then crossed to wrong
   side of street and collided with a vehicle was not, as a matter
   of law, guilty of gross negligence or wilful and wanton mis-
   conduct under the guest passenger act (1 Comp. Laws 1929,
   § 4648).

5. Same—Speed—Streets Icy in Spots—Gross Negligence—Wil-
   ful and Wanton Misconduct.

   Excessive speed on a pavement icy in spots is not necessarily
   gross negligence or wilful and wanton misconduct (1 Comp.
   Laws 1929, § 4648).

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted October 13, 1943. (Docket No. 41, Cal-
endar No. 42,499.) Decided December 29, 1943.

Case by Phyllis Piscopo, administratrix of the
estate of Joseph Piscopo, deceased, against Joseph
Fruciano for damages under the death act. Judg-
ment for plaintiff. Defendant appeals. Reversed,
without a new trial.

*Leonard F. Donaldson* and *Walter M. Nelson,* for
plaintiff.

*Stewart A. Ricard,* for defendant.

Boyles, C. J. This is an action at law under 3
Comp. Laws 1929, §§ 14061, 14062, as amended by
Act No. 297, Pub. Acts 1939 (Comp. Laws Supp.
1940, §§ 14061, 14062, Stat. Ann. 1943 Cum. Supp.
§§ 27.711, 27.712), for damages for wrongful death
of plaintiff's decedent alleged to have been caused
by the wrongful act, neglect or default of the de-
fendant. Plaintiff's husband, the decedent, suffered

injuries resulting in his death while riding as a guest passenger in an automobile owned and being operated by the defendant. Plaintiff had judgment for $7,500 damages on trial by a circuit judge in Wayne county without a jury, and defendant reviews by general appeal. The only question involved, as stated by appellant in his brief, is:

"Was there sufficient evidence of gross negligence or wilful and wanton misconduct on the part of the defendant-appellant, to permit the plaintiff and appellee to recover under the guest statute (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446])?"

The defendant, Joseph Fruciano, while driving his automobile north on Mt. Elliott avenue in the city of Detroit at about 9:30 a.m. on February 9, 1941, lost control of the vehicle while driving at an excessive and unlawful rate of speed. The pavement was wet or icy in spots; otherwise, dry. In the center of the street there was a double street railway line. The defendant, after running a red light at the corner of Warren and Mt. Elliott, continued at an excessive rate of speed and on approaching Frederick street some 1,500 feet farther north on Mt. Elliott drove around a "plug" set in the street to mark a safety zone, onto the northbound streetcar track; his automobile was caught in the tracks and he lost control of the vehicle. It skidded, zigzagged, finally struck a truck standing in the opposite (southbound) lane of traffic on Mt. Elliott avenue some 500 feet farther down the street, continued on 15 or 20 feet and crashed into another standing vehicle.

There is no question but that the accident was caused by the excessive and unlawful rate of speed and the resulting loss of control of the vehicle by the defendant due to the tire catching in the street-

car track. Under all the circumstances of the case, he was guilty of negligence as a matter of law. However, ordinary negligence does not make the driver liable to his guest passenger under the guest passenger act. *Gifford* v. *Dice,* 269 Mich. 293 (96 A. L. R. 1477). Nor does the violation of a statute or ordinance by driving an automobile in the business or residential section of a city at an unlawful rate of speed constitute gross negligence or wilful and wanton misconduct under the guest passenger act. *Bobich* v. *Rogers,* 258 Mich. 343; *Balcer* v. *Railway Co.,* 266 Mich. 538. The established fact that the defendant failed to regain control of his vehicle, crossed to the wrong side of the street, and there collided with a vehicle, does not constitute gross negligence or wilful and wanton misconduct. In *Wyma* v. *Van Anrooy,* 260 Mich. 295, the court said:

"We may assume, as claimed by plaintiff, that at the time of the first collision defendant was driving at a speed of 65 miles per hour, that he straightened out the course of his car after the collision and then crossed to the wrong side of the road to the second collision, but, from such assumption, it does not follow that he wilfully and wantonly ran to the second collision. It is not enough, under the guest act, that defendant was careless, and, by the exercise of forethought, could have stopped his car, or, by more careful operation, have avoided the second collision.

"The proofs, at the most, established negligence on the part of the defendant, but did not establish the fact that the accident was occasioned by the wilful and wanton misconduct of defendant."

Excessive speed on a pavement icy in spots is not necessarily gross negligence or wilful and wanton misconduct.

"The gross negligence charged against Chester was in driving at an excessive rate of speed on an icy pavement. The pavement was not icy in all places. One of the witnesses was testing his brakes on the street. There was no evidence that the truck had skidded or slipped because of the ice prior to the collision, nor that Chester had had any trouble in dodging the children or with traffic. The speed was excessive because it was above the statutory limit. Excessive speed alone is only ordinary negligence. The case presented no ground for the charge of gross negligence or wanton and wilful misconduct." *Balcer* v. *Railway Co., supra.*

The situation in the case at bar has frequently been before this court under comparable circumstances and it has been held as a matter of law that the driver of the vehicle was not guilty of gross negligence or wilful and wanton misconduct. *Grabowski* v. *Seyler,* 261 Mich. 473; *Balcer* v. *Railway Co., supra; Keilitz* v. *Elley,* 276 Mich. 701; *In re Mueller's Estate,* 280 Mich. 203; *Bielawski* v. *Nicks,* 290 Mich. 401; *Quinlan* v. *Wells,* 291 Mich. 214; *Coppin* v. *Lippy,* 299 Mich. 586; *Sorenson* v. *Wegert,* 301 Mich. 497.

Reversed, without new trial.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.