FARTHING v. HEPINSTALL.

1. NEGLIGENCE—DRIVER AND PASSENGER IN AUTOMOBILE — IMPUT-
ABLE NEGLIGENCE—JOINT ENTERPRISE—COMMON RIGHT OF CON-
TROL.

To constitute a joint enterprise between a passenger and
the driver of an automobile, within the meaning of the
law of negligence, there must be such a community of
interest in its operation as to give each an equal right
of control; and since there must be a common respon-
sibility for its negligent operation, there can be no common
responsibility unless there is a common right of control.

2. SAME—RULE OF JOINT ENTERPRISE FOUNDED ON LAW OF PRIN-
CIPAL AND AGENT.

The rule of joint enterprise in negligence cases is founded
on the law of principal and agent.

3. SAME—WHETHER DRIVER AND PASSENGER IN AUTOMOBILE EN-
GAGED IN JOINT ENTERPRISE QUESTION FOR JURY.

In an action by a daughter against her mother for per-
sonal injuries received in an automobile accident due to
the alleged negligence of plaintiff's brother, who was
driving, whether the car was loaned to plaintiff and her
brothers, giving her an equal right to its control and
resulting in a joint enterprise, so that the brother's neg-
ligence would be imputable to plaintiff, as claimed by de-
fendant, or whether the car was loaned to her brothers,
and plaintiff was merely a passenger, as claimed by her,
held, under conflicting evidence, a question for the jury.

4. WITNESSES—PARTY MAY NOT IMPEACH OWN WITNESS.

A party may not impeach his own witness by showing
prior contradictory statements.

5. SAME—PARTY MAY SHOW THAT WITNESS FOR OPPOSITE PARTY
HAS MADE CONTRADICTORY STATEMENTS.

It is proper for a party to show that a witness for the
opposite party has made prior contradictory statements,
and therefore the exclusion of an affidavit in a sworn state-
ment by plaintiff's witness that he had read said affidavit,
made by another, and that the facts therein stated were

On the question as to what amounts to a joint adventure,
see annotation in 48 A. L. R. 1055.

true, offered by defendant for the purpose of showing that
the witness had made contradictory statements, was error.

6. APPEAL AND ERROR—EVIDENCE—EXCLUSION OF AFFIDAVIT NOT
PREJUDICIAL WHERE CONTENTS OTHERWISE SHOWN.
Error of the trial court in excluding an affidavit included
in a sworn statement by a witness, offered by the opposite
party for the purpose of showing that the witness had
made contradictory statements, was without prejudice,
where the balance of the statement was received in evi-
dence and included substantially all that was contained
in the rejected affidavit.

Error to Saginaw; Martin (William H.), J. Sub-
mitted April 11, 1928. (Docket No. 114, Calendar
No. 33,532.) Decided July 24, 1928.

Case by Ora S. Farthing against Elbertina S.
Hepinstall for personal injuries. Judgment for plain-
tiff. Defendant brings error. Affirmed.

*Beach & Beach,* for appellant.

*A. Elwood Snow,* for appellee.

McDONALD, J. This suit was brought to recover
damages for personal injuries received in an auto-
mobile accident. The defendant reviews by writ of
error a verdict and judgment for the plaintiff. The
plaintiff is the defendant's daughter. With her
brothers, Thayer Hepinstall and Ralph Hepinstall, and
others, she lived in her parents' home in the city of
Saginaw, Michigan. The defendant owned an auto-
mobile. On the evening of the accident, the plaintiff
and other members of the family were invited to attend
a church fair at Bay City. Thayer and Ralph received
permission from the defendant to drive her auto-
mobile. The plaintiff claims that she did not desire
to go with the party but was urged to do so by her
brothers and her mother. On the way home from

Bay City, it is claimed that Ralph who was driving the car drove so recklessly that it left the road and turned over in the ditch. The plaintiff was pinned under the car. Her back was broken and she suffered other serious injuries as a result of which she is permanently paralyzed from the waist down.

At the close of the plaintiff's case and again at the close of all the proof, the defendant moved for a directed verdict on various grounds, the principal one of which was that, at the time of the accident, the plaintiff and the driver were engaged in a joint enterprise and that therefore his negligence was imputable to her. The motion was denied and the question was submitted to the jury. After verdict, the court refused to enter judgment for the defendant *non obstante veredicto*, and also denied a motion for a new trial.

Aside from error alleged in the exclusion of certain testimony, the only question involved is whether the court erred in refusing to hold as a matter of law that the plaintiff and her brother, Ralph, who was driving the car at the time of the accident, were engaged in a joint enterprise. It is conceded that if they were so engaged the plaintiff is chargeable with the driver's negligence and cannot recover in this action.

To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control. There must be a common responsibility for its negligent operation, and there can be no common responsibility unless there is a common right of control. It must be held that the driver is acting as the agent of the other members of the enterprise. The rule of joint enterprise in negligence cases is founded on the law of principal and agent. On no other theory could the negligence

of the driver be imputable to a passenger. Being parties to the same enterprise, they are assumed to have common control and possession of the machine. Otherwise, each could not be charged with the negligence of the other. It is not necessary to review the cases in which this question is considered. The subject is discussed and many cases are cited in the annotation to *Keiswetter* v. *Rubenstein*, 48 A. L. R. 1049 (235 Mich. 36).

In the instant case, the plaintiff claims that at the time of the accident she was riding as a mere guest of the owner and driver of the car; that the control and possession of the car had been intrusted to her brothers by the defendant; that Thayer drove going to Bay City, and Ralph drove going home; that she had no control over the car or over the driver, and that, just before the accident, she remonstrated with Ralph as to the speed, and vainly endeavored to persuade him to reduce it.

The defendant claims that the plaintiff with her brothers, Ralph and Thayer, were in equal control of the car; that it had been loaned to the three of them equally for a common purpose, viz., driving to Bay City to attend a church fair. Whether the car was loaned to the three of them or to the two boys only was important as bearing on the plaintiff's equal right of control. It was a disputed question and was controlling of the claim of joint enterprise. It was therefore for the jury. In submitting it, the court correctly instructed the jury as to the applicable law. No complaint is made of his charge. He did not err in refusing to direct a verdict for the defendant.

Following the accident, an agent of the insurance company secured sworn statements from Ralph Hepinstall, Thayer Hepinstall, and Helen White, who also was an occupant of the car. In making proof of her case, the plaintiff did not call Ralph Hepinstall

or Helen White.    They were later called and sworn on behalf of the defendant.    To impeach their testimony, the defendant offered in evidence their prior sworn statements.    The court refused to receive them. In this there was no error.    A party will not be permitted to impeach his own witness by showing prior contradictory statements.

Thayer Hepinstall was a witness for the plaintiff. He testified as to the manner and cause of the accident. It was proper for the defendant to show that he had made prior contradictory statements.    She sought to do so by offering Ralph's affidavit, to which was attached a sworn statement by Thayer, to the effect that he had read Ralph's affidavit and knew "the facts therein stated to be true;" and that "he was driving carefully at the time, and the car was in ordinarily good condition, and no objection was made to his driving, and the accident was due solely to the condition of the road."

The court excluded Ralph's affidavit but permitted to be read in evidence the balance of the statement made by Thayer.    The court erred, but we are of the opinion that the error was without prejudice to the defendant, for the reason that the portion received substantially included all that was contained in Ralph's affidavit.

No other question presented merits discussion.

The judgment is affirmed, with costs to the plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.