FRISORGER *v.* SHEPSE.

NEGLIGENCE—IMPUTABLE NEGLIGENCE—JOINT ENTERPRISE.
Where several young men, among them son of owner of automobile who drove the car, attended a dance and shared equally the cost of gasoline, they were engaged in joint enterprise, so that negligence of driver, resulting in death of occupants, was imputable to them, barring recovery.

Error to Genesee; Brennan (Fred W.), J. Submitted May 15, 1930. (Docket No. 163, Calendar No. 34,767.) Decided June 2, 1930.

Case by Chris Frisorger, administrator of the estate of Christopher J. Frisorger, deceased, against Zolton Shepse, Sr., and another, for personal injuries resulting in the death of plaintiff's decedent. From judgment on directed verdict for defendants, plaintiff brings error. Affirmed.

*Millard & Roberts,* for plaintiff.

*Brownell & Gault,* for defendants.

McDONALD, J. This is an action for damages arising out of injuries resulting in the death of Christopher J. Frisorger, which, it is alleged, was caused by the negligence of defendant, Zolton ·Shepse, Jr., in operating an automobile owned by his father, Zolton Shepse, Sr. On the trial, at the close of the proofs, the court directed a verdict in favor of the defendants on the ground that, at the time of the accident, the decedent and defendant Zolton Shepse, Jr., were engaged in a common enterprise, and therefore the negligence of defendant would be imputed to decedent and bar a recovery.

About 11 o'clock in the evening of December 23, 1928, the plaintiff's decedent and several other young men invited the defendant Zolton Shepse, Jr., to go with them to a dance at Grand Blanc in Genesee county. The boys were friends. All lived in Flint. They started out in a Buick sedan owned by the elder Shepse. Zolton Shepse, Jr., was driving. They stopped at a gas station and bought gas. Each of the boys contributed an equal share to the expense. They left the dance hall about three

o'clock in the morning. Running at a high rate of speed, the car left the road at a curve and ran into a tree. The plaintiff's decedent and others were killed.

The principal issue on the trial was whether, at the time of the accident, the decedent was a guest of the defendant, or whether they were engaged in a common enterprise. If they were engaged in a joint enterprise, the negligence of the defendant would be imputable to the decedent, and would bar a recovery. *Hanser* v. *Youngs,* 212 Mich. 508; *Farthing* v. *Hepinstall,* 243 Mich. 380.

The undisputed facts in the instant case leave no doubt that the parties were engaged in a joint enterprise. They had agreed on a joint pleasure party. Every member of the party had to do with the management and control of the enterprise. They shared equally in the expense. The fact that the defendant was driving the car is material, but not controlling of the question. As driver, he was acting as agent for the other members of the party. They had as much right to direct its movements and speed as he had. Each had a right to be heard in carrying out the details of the trip. This equal right of control is a very important matter to be considered in determining whether it was a joint enterprise. In *Farthing* v. *Hepinstall, supra,* this court said:

"The rule of joint enterprise in negligence cases is founded on the law of principal and agent. On no other theory could the negligence of the driver be imputable to a passenger. Being parties to the same enterprise, they are assumed to have common control and possession of the machine."

The undisputed evidence shows that no such relationship as host and guest existed. They were engaged in a common enterprise. The negligence of

the driver of the car was imputable to other members of the party. In view of these facts, the trial court was right in directing a verdict for the defendants.

No other questions require discussion. The judgment is affirmed, with costs to the defendants.

Wiest, C. J., and Butzel, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.