## VOSS *v.* ADAMS.

1. PHYSICIANS AND SURGEONS—DENTISTS—MALPRACTICE—ISSUE FOR JURY—EXTRACTING TEETH.

     Issue of fact for consideration of jury was presented as to malpractice of dentist in giving patient a general anesthetic and extracting 16 teeth and leaving patient alone in office when it closed for the night, where proper local practice did not permit extraction of more than eight teeth at a time because of increased liability to, and severity of, surgical shock.

2. SAME—PROXIMATE CAUSE—BURDEN OF PROOF.

     In an action for malpractice, the burden of proof is on plaintiff to show connection between the tort and damage.

3. DAMAGES—PROXIMATE CAUSE—UNCERTAIN AND SPECULATIVE DAMAGES.

     Wrongdoer is not free from liability merely because injured party's damages are not susceptible of computation, since if the damages are traced to the tort, the jury will award such sum as they may deem just, uncertain damages not always being speculative.

4. PHYSICIANS AND SURGEONS—DAMAGES—MALPRACTICE.

     Rule that wrongdoer may not escape damages because injured party has merely traced them to tort but not shown such damages as may be computed, is particularly applicable to malpractice case where patient does not receive such proper treatment as is afforded by local practice.

5. SAME—TOOTH EXTRACTION—DAMAGES—SURGICAL SHOCK.

     In action for malpractice against dentist for surgical shock and neglect, the matter of damages *held,* for the jury, where evidence showed defendant gave plaintiff general anesthetic, extracted 16 teeth, left him alone in office after it closed and proper practice did not permit extraction of more than eight teeth at one time, notwithstanding patient was unable to show amount of increased suffering by failure to follow proper practice.

Appeal from Wayne; Campbell (Allan), J. Submitted January 17, 1935. (Docket No. 126, Calendar No. 38,217.) Decided April 8, 1935.

Case by Arthur Voss against Charles W. Adams for malpractice in extraction of teeth. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*Wm. Henry Gallagher* (*S. Reymont Paul,* of counsel), for plaintiff.

*Rodgers & Dunn,* for defendant.

FEAD, J. This is a tooth extraction malpractice case.

Dr. John C. Porter is a dentist, employed by defendant on salary and commission. The court directed a verdict for defendant on the ground that, assuming malpractice, no damages had been shown because the testimony did not establish that plaintiff had suffered more than he would have done had proper treatment been given. The point is not raised that, assuming negligence, plaintiff would have been entitled to nominal damages at least.

About 4:30 p. m. February 18, 1933, plaintiff went to defendant's office and was referred to Dr. Porter. After examining his teeth Dr. Porter advised him to have all of them extracted. He gave plaintiff a general anesthetic, gas, and pulled 16 teeth. Plaintiff became ill, was taken into an adjoining room, lay on a bed, received some attention, was left there alone when the office closed at 9 o'clock, with no one but the building janitor about. His wife came for him, called a physician who found him suffering from surgical shock, sent him home, was called later in the night, had plaintiff taken to a hospital the

second day later, and he remained in the hospital a week, suffering severely from headaches.

The expert testimony is very confused. The witnesses passed rapidly from standard practices to their own personal methods, mixing and using them interchangeably in their answers to questions. Some of the testimony passed unchallenged and objection was made to other parts. However, taking the testimony most favorably to plaintiff it appears that, by local standards, it is not proper practice to extract more than eight teeth at a sitting, because of the increased danger of surgical shock and increased infection let loose in the system. The testimony does not show excess infection as the cause of any injury to plaintiff. His damage arose from shock and claimed neglect. It was testified that, while surgical shock may result from the extraction of one tooth, the liability to shock and its severity increase with the number of teeth pulled.

We agree with the court that the testimony presented an issue of fact upon malpractice.

Defendant contends plaintiff had the burden of showing the damages which proceeded from malpractice, from the extraction of the last eight teeth, as distinguished from the effect of proper treatment, pulling of the first eight teeth, and having made no separation, cannot recover because the damage is speculative. Plaintiff contends the result of the whole operation having been shown defendant had the burden of separating the suffering. We need not discuss the authorities cited except to say that the burden of proof is on plaintiff to connect the tort and the damage and that uncertain damages are not always speculative.

There is a difference between certainty as to the existence or cause of an injury and as to the meas-

ure or extent of the damage. It is a recognized rule that a wrongdoer will not go scot-free because his victim cannot prove his loss exactly. If the existence and cause of the injury are traced to a tort and damages are not susceptible of computation, the jury will allow such compensation as, under all the circumstances and in the exercise of sound conscience and good judgment, they shall deem just. *Gilbert* v. *Kennedy*, 22 Mich. 116, 129; 17 C. J. p. 754; 78 A. L. R. 858, note. Such rule is particularly applicable in a case of malpractice because a patient is entitled to proper treatment and whatever of decreased danger and suffering and increased chance of comfort and cure proper practice may afford.

Here, the existence and cause of injury are established to the extent of being a question of fact for the jury. There is testimony of proper practice, recognized as comparatively safe, with the probability of surgical shock increased by violating the recognized practice, and also evidence that the severity of the shock was increased by extraction of the excess number of teeth.

By its nature the damage is one which is incapable of exact proof. A witness, asked to state the effect of the improper practice, could only say that the shock was possibly or probably caused by, or was more than came from, extraction of the first eight teeth. He could give no estimate of the money value of the suffering. The matter of damages was for the sound judgment of the jury.

Reversed, with new trial and costs.

Potter, C. J., and Nelson Sharpe, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.