HOPKINS *v.* GOLDEN.

1. NEGLIGENCE—DRIVER AND PASSENGER IN AUTOMOBILE—IMPUTABLE NEGLIGENCE—JOINT ENTERPRISE—COMMON RIGHT OF CONTROL.

   To constitute a joint enterprise between a passenger and the driver of an automobile, within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control; and since there must be a common responsibility for its negligent operation, there can be no common responsibility unless there is a common right of control.

2. SAME—RULE OF JOINT ENTERPRISE FOUNDED ON LAW OF PRINCIPAL AND AGENT.

   The rule of joint enterprise in negligence cases is founded on the law of principal and agent.

3. AUTOMOBILES—JOINT ADVENTURES—PERSONAL INJURIES.

   Where owner of car contributed use of his machine and bore depreciation thereon and other three occupants, including

plaintiff, contributed expense of operating his machine and other expenses of trip to a smelt run, all parties were engaged in a common enterprise for their mutual benefit and pleasure and the common control and possession of the car is to be assumed, hence plaintiff may not recover against her co-adventurer for injuries sustained when car which had gone about 500 feet on an icy pavement and was moving at about 40 or 50 miles an hour slued across road, collided with an oncoming car, struck a tree and tipped over on its side.

4. Joint Adventures—Pleading.

Defense of joint enterprise in action by passenger in defendant's automobile, while not pleaded, was in the case by reason of consent of plaintiff to consider same in determination of motion for judgment *non obstante veredicto.*

Appeal from Kalamazoo; Weimer (George V.), J. Submitted June 11, 1937. (Docket No. 76, Calendar No. 39,373.) Decided October 4, 1937.

Case by Julia C. Hopkins against Charles B. Golden for personal injuries sustained while a passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment *non obstante veredicto.*

*Clair S. Beebe,* for plaintiff.

*Howard, Howard & Howard,* for defendant.

Bushnell, J: Plaintiff's action for damages, because of the claimed negligent operation by defendant of his car in which she was riding, resulted in the jury's verdict in her favor of $895. Decision on defendant's motion for a directed verdict having been reserved, the court denied the same, together with a motion for judgment *non obstante veredicto,* and defendant appeals.

Prior to the accident out of which this action arose, plaintiff Julia C. Hopkins, her husband, Thomas T. Hopkins and Fanny Boots, a lodger in their home, wanted to go to the smelt run at Beulah, Michigan. The Hopkins car was not satisfactory for the trip, so defendant Golden, who owned a newer car, was approached with the view to having him use his car. Golden said he could not afford to go and it was finally agreed that if Golden would consent to use his car, Hopkins would defray all the costs of the trip, including the personal expenses of Golden. Mrs. Hopkins had previously arranged for over night accommodations with friends at Fowler City, near Beulah, and she and Miss Boots prepared some food to take along. The party of four left Kalamazoo on April 3, 1936, after having supper at the Hopkins home. Before leaving the city they stopped for gasoline and Hopkins gave Golden $4 and Miss Boots gave him $1. A few miles north of Cooper Center the party encountered an icy stretch of pavement. After traveling about 500 feet on the icy pavement, the Golden car, which was moving at about 40 or 50 miles per hour, slued across the road colliding with an oncoming car, struck a tree and tipped over on its side. Mrs. Hopkins and some others were badly injured. Hopkins and Miss Boots were killed, separate actions being pending in behalf of their estates.

Defendant claims that under the authority of *Frisorger* v. *Shepse,* 251 Mich. 121, the parties were engaged in a joint enterprise and a verdict should have been directed in his favor. He says that if this theory fails we should hold that the relationship of the parties, under the rule stated in *Monison* v. *McCoy,* 266 Mich. 693, was that of host and guest and there was no liability on the part of the defend-

ant because of the absence of proof of wilful and wanton misconduct, that in any event the trial court was in error in holding that plaintiff was a passenger for hire and in refusing to set aside the verdict of the jury. Other questions relating to various rulings and portions of the court's charge are raised, but the foregoing seem to be controlling.

Plaintiff's declaration charges defendant Golden with ordinary negligence and his answer denies the contract for hire and relies upon the so-called "guest act" (2 Comp. Laws 1929, § 4648). Defendant says that he only owed the plaintiff the duty of refraining from gross negligence or wilful and wanton misconduct in the operation of his automobile.

At the close of plaintiff's case, defendant moved for a directed verdict on the ground that no negligence was shown, that plaintiff was a guest passenger and that the parties were engaged in a common enterprise or joint adventure.

The last named defense has not been pleaded, but plaintiff's counsel consented after the verdict that it might be considered by the trial court in determining the motion *non obstante veredicto.*

The circuit judge applied the principles of *Johnson* v. *Mack,* 263 Mich. 10, and denied all of defendant's motions.

We said in *Laughlin* v. *Michigan Motor Freight Lines,* 276 Mich. 545, 552:

"The earmarks of the legal relation of a joint adventure in the operation of a motor vehicle may be found in *Farthing* v. *Hepinstall,* 243 Mich. 380, and *Frisorger* v. *Shepse,* 251 Mich. 121."

We quote from *Farthing* v. *Hepinstall, supra:*

"To constitute a joint enterprise between a passenger and the driver of an automobile within the

meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control. There must be a common responsibility for its negligent operation, and there can be no common responsibility unless there is a common right of control. It must be held that the driver is acting as the agent of the other members of the enterprise. The rule of joint enterprise in negligence cases is founded on the law of principal and agent. On no other theory could the negligence of the driver be imputable to a passenger. Being parties to the same enterprise, they are assumed to have common control and possession of the machine. Otherwise, each could not be charged with the negligence of the other. It is not necessary to review the cases in which this question is considered. The subject is discussed and many cases are cited in the annotation to *Keiswetter* v. *Rubenstein,* 235 Mich. 36 (48 A. L. R. 1049).

See, also, annotations in 63 A. L. R. 921, 80 A. L. R. 312, and 95 A. L. R. 857.

Applying the foregoing to the facts of the instant case, we find that all the parties thereto wanted to go to the "smelt run" at Beulah, Michigan. Hopkins, his wife and Miss Boots contributed the expense of operating defendant Golden's automobile and Golden contributed the use of his machine and bore the depreciation thereon. All parties were engaged in a common enterprise for their mutual benefit and pleasure; the joint venture related to a single isolated transaction. *Fletcher* v. *Fletcher,* 206 Mich. 153. Under the facts stated, the common control and possession of the automobile is to be assumed. *Farthing* v. *Hepinstall, supra.*

This being a joint enterprise, plaintiff cannot recover against her co-adventurer, Golden. Although the defense of joint enterprise was not pleaded, it

was in the case by reason of the consent of plaintiff as stated in the trial judge's opinion.

Defendant's motion for a judgment *non obstante veredicto* should have been granted.

The judgment heretofore entered for plaintiff is vacated and the cause is remanded for entry of judgment in accordance with this opinion. Costs to defendant.

Fead, C. J., and North, Wiest, Butzel, Sharpe, Potter, and Chandler, JJ., concurred.