JOHNSON *v.* FISCHER.

Automobiles—Fishing Trip—Joint Adventures.

In actions by husband and wife for injuries to latter while she was in a car owned by one defendant and driven by the other, sustained during the course of returning from an unsuccessful quest for good places to fish but after each had consumed over five bottles of beer and some food for which plaintiff had paid, relation of plaintiff wife and operator of car was that of members of a joint venture, not for profit, but for pleasure and recreation with a hope of prospective reward in acquiring fish and undertaken for the mutual benefit and satisfaction of each of the parties; hence plaintiffs may not recover.

Appeal from Kent; Hoffius (Cornelius), J. Submitted October 13, 1939. (Docket Nos. 72, 73, Calendar Nos. 40,618, 40,619.) Decided February 14, 1940. Rehearing denied April 1, 1940.

Separate actions of case by Nettie W. Johnson and John E. Johnson against Mae Fischer, otherwise known as Myrtle Fischer, and Lee Benedict for damages for personal injuries sustained in an automobile accident. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendants appeal. Reversed.

*Allaben & Wiarda,* for plaintiffs.

*Linsey, Shivel, Phelps & Vander Wal (Phil R. Johnson,* of counsel), for defendants.

Potter, J. John E. Johnson and Nettie W. Johnson are husband and wife. He sues defendants to recover damages alleged to have been caused by the

gross negligence and wilful and wanton misconduct of defendant Mae Fischer (now Mrs. Benedict). She sues in her own behalf to recover damages caused to herself by defendant Mae Fischer's alleged gross negligence and wilful and wanton misconduct. Defendants by way of answer say Mrs. Johnson and the defendant Mae Fischer were engaged in a joint enterprise at the time of the injury to Mrs. Johnson; that if she was a guest passenger in defendants' automobile, defendants were not grossly negligent, but, if negligent at all, were guilty only of ordinary negligence. Upon trial by jury, there was motion for directed verdict which was overruled, a motion for judgment notwithstanding the verdict and a motion for a new trial. These were overruled. Defendants appeal and claim the court erred in overruling their motion for a directed verdict upon the ground the two women were engaged in a joint enterprise, and upon the ground plaintiffs had failed to show gross negligence or wilful and wanton misconduct upon the part of defendant Mae Fischer; in refusing to give defendants' first and second requests to charge, and in its charge to the jury; in refusing to grant a mistrial upon defendants' motion; in overruling defendants' motion for judgment notwithstanding the verdict; and in refusing to grant a new trial.

The parties are residents of the city of Grand Rapids. Plaintiff Nettie W. Johnson had become acquainted with the defendant Mae Fischer about two years before the alleged accident. She testified Mrs. Fischer was then pointed out to her as a wonderful sportswoman, and that fishing was her hobby. Plaintiff and her husband had a place near Pentwater where they went fishing weekends. The principal thing the parties talked about at the time of their first meeting was fishing for steelhead trout. The next November plaintiff read in the Grand

Rapids Press the steelheads were running up at Pentwater. She talked with her husband about going there fishing, but he couldn't go. He suggested she call another woman. She did but she could not go. She then called the defendant Mae Fischer, told her the steelheads were running and that, if she would like to go, this was her chance. Later, Mrs. Fischer called up and said she would go.

Plaintiff Nettie W. Johnson on the day of the accident desired to go fishing and wanted defendant Mae Fischer to take her to the fishing grounds. Plaintiff did not drive an automobile but the defendant did and had the use of a car. Mrs. Fischer came to the plaintiffs' home with an automobile. Plaintiff Nettie W. Johnson offered to pay for the gasoline but the car had already been filled by Mrs. Fischer. Plaintiff directed defendant where to go. They went up near Pentwater. In order to do any fishing, plaintiff had to get her fishing tackle which was at the summer home which she and her husband maintained near Pentwater. Plaintiff was familiar with the highway. The parties drove north from Grand Rapids, through Sparta, Casnovia, Newaygo and past White Cloud where they turned to the west on the way to Pentwater. Plaintiff was familiar with the fishing grounds and with the highway over which she directed the defendant to travel. When they reached the summer home of plaintiff and she got her fishing tackle, defendant assisted her in getting it ready for use. They drove to Pentwater and out to the fishing grounds but found it was too rough for fishing. They came back to Smith's restaurant in Pentwater where plaintiff bought and paid for dinner for both of the parties, and incidentally bought a bottle of beer for each of them at a nearby tavern. It was then suggested they go to the place of a fisherman named Knight. They visited that, but there was

no fishing. They then started for Whitehall where the defendant suggested they might get some perch fishing. When they reached Whitehall they found the fishing was not good. They stopped at a restaurant either at Montague or Whitehall where they each had a couple of bottles of beer. They then started down the scenic highway between Whitehall and Muskegon and on the way stopped at a wayside inn known as the Red Rooster, where each had two bottles of beer. They then went to Muskegon where they visited another restaurant, but not finding anyone there whom they knew, they went east from Muskegon toward Casnovia. When they reached Casnovia, defendant Mae Fischer wanted something to eat and they stopped at a restaurant where they had a sandwich and coffee, and plaintiff met some of her friends who wanted to go across the street to another beer parlor or saloon, and there both women had some more beer. They started out from Casnovia and in rounding the curve east of the village, headed toward Grand Rapids, defendant Mae Fischer lost control of the automobile which left the road and struck an obstruction. Both of the women were injured, and both were found in the automobile unconscious; and plaintiff sued defendant.

There is no cross-declaration upon the part of the defendant against plaintiff. There is no claim by plaintiff Nettie W. Johnson that this was her exclusive party, no claim defendant was hired to drive her on this fishing excursion, and she does not claim the defendant was her invited guest. On the other hand, she contends she was a guest passenger of the defendant Mae Fischer and that Mrs. Fischer was guilty of gross negligence and wilful and wanton misconduct in losing control of the car which caused plaintiff's injuries.

This was an unfortunate trip. Up to the time of the crash when the parties were leaving Casnovia, they seem to have been having an enjoyable time.

It is clear these parties did not sustain to each other at the time of the injury the relation of passenger and carrier for hire. It is equally clear plaintiff was not a guest passenger of defendant Mae Fischer any more than defendant was a guest of plaintiff Nettie W. Johnson. The parties were engaged in a fishing enterprise, not a beer-drinking contest. This was a joint venture, not for profit, but for pleasure and recreation with a hope of prospective reward in acquiring fish, undertaken for the mutual benefit and satisfaction of each of the parties. It had many of the usual incidents of a fishing trip. It was unfortunate the automobile got out of control, that both of the parties were injured, but the liability of the defendant Mae Fischer in this case is no greater than the liability of the plaintiff Nettie W. Johnson who induced her to take the trip. Under the undisputed evidence, the parties were engaged in a joint venture or enterprise and plaintiffs may not recover. *Hanser* v. *Youngs,* 212 Mich. 508; *Farthing* v. *Hepinstall,* 243 Mich. 380; *Frisorger* v. *Shepse,* 251 Mich. 121; *Schneider* v. *Draper,* 276 Mich. 259; *Hopkins* v. *Golden,* 281 Mich. 389. As this disposes of the case, it is unnecessary to pass upon the other errors assigned.

Judgment reversed, with costs.

Bushnell, C. J., and Sharpe, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.