### NEMER v. GREEN.

1. PHYSICIANS AND SURGEONS—DENTISTS—MALPRACTICE—EXTRACTION OF TEETH—EVIDENCE.

   The mere proof that 16 teeth had been extracted by defendant dentist at one sitting, in the absence of testimony in the case showing that this was not the usual and ordinary practice of dentists in the locality, is not of itself sufficient to establish negligence.

2. SAME—MALPRACTICE—BURDEN OF PROOF—DEATH—PROXIMATE CAUSE.

   In order to recover damages in an action for death due to malpractice the plaintiff has the burden of showing that the death was brought about by the failure of the defendant to exercise the reasonable and ordinary care, skill, and diligence possessed by others in the same line of practice and work in similar localities.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted October 8, 1946. (Docket No. 17, Calendar No. 43,471.) Decided December 2, 1946.

Case by Massody Nemer, administratrix of the estate of Wady Nemer, deceased, against Dr. John O. Green and another for death of decedent alleged to have been caused by malpractice. Judgment for defendants. Plaintiff appeals. Affirmed.

*Barry T. Whipple,* for plaintiff.

*Moll, Desenberg & Purdy,* for defendants.

BUSHNELL, J. Plaintiff Massody Nemer, as administratrix of the estate of Wady Nemer, her deceased husband, instituted an action against defendants, Dr. John O. Green, a dentist, and his anesthetist, Katherine Cronk, seeking damages on the claim that their negligence resulted in her husband's death. The case was heard by a circuit judge sitting without a jury.

'Wady Nemer had been experiencing difficulty in the use of his legs and feet. His physician, Dr. Howard R. Coll, diagnosed his ailment as rheumatic neuritis. Later, on May 11, 1942, Nemer called at the dental office of Dr. Norbert F. Blaskewitz, who took X-rays and discussed Nemer's condition with Dr. Coll. This resulted in a determination that extractions might be helpful. On May 15th Dr. Blaskewitz extracted eight teeth, and three days later he extracted five more. On May 22d, Nemer was still experiencing pain and was advised by Dr. Blaskewitz to consult an oral surgeon. Nemer did not consult the surgeon recommended by Dr. Blaskewitz but instead went to the office of defendant Dr. John O. Green. On May 25th, Dr. Green extracted two lower teeth, being assisted by Dr. Kruszka, a chiropractor, who administered gas.

On May 27th, according to the testimony of Mrs. Nemer, the deceased returned to Dr. Green's office at about 6 o'clock, p.m., to have the remaining 16 upper teeth extracted. As to what happened on this occasion, the testimony of Mrs. Nemer is to the effect that her son took her to Dr. Green's office about 20 minutes after six. She said she was not permitted to go into the room where her husband

was, but in a few minutes Dr. Green came out and called the police, saying, "Come over and take my patient; I can't wake him up." Mrs. Nemer testified that she accompanied the police when they took her husband to the hospital and that he "looked like dead." The record is silent as to what occurred in Dr. Green's office between 6 and 6:20 p.m., except his statement that defendant Cronk assisted him by administering the gas. He was not asked, nor did he state, how many teeth he extracted nor how the death occurred.

Dr. Coll testified that at the time he examined Nemer he found Nemer's heart condition normal. He expressed the opinion that the greater the number of teeth extracted the greater the shock to the system. However, in answer to a hypothetical question he stated that Nemer's death could have resulted from any one of a number of causes.

Considering the evidence in the light most favorable to the plaintiff, can it be said that Nemer's death resulted from the surgical shock following the extraction of 16 teeth or from the improper administration of gas?

In Voss v. Adams, 271 Mich. 203, there was testimony to the effect that, according to local standards, it was not proper practice to extract more than 8 teeth at one sitting, because of the increased danger of surgical shock and the increased infection let loose in the system. In the instant case, however, there is no testimony in the record as to standard practice in the locality and no showing of the cause of death. The mere proof that 16 teeth had been extracted at one sitting, in the absence of testimony showing that this was not the usual and ordinary practice of dentists in the locality, is not of itself sufficient to establish negligence. Plaintiff had the burden of showing that Nemer's death was brought

about by defendants' failure "to exercise the reasonable and ordinary care, skill, and diligence possessed by others in the same line of practice and work in similar localities." *Ballance* v. *Dunnington,* 241 Mich. 383 (57 A. L. R. 262). See, also, *Loveland* v. *Nelson,* 235 Mich. 623; *Zoski* v. *Gaines,* 271 Mich. 1; *Dunbar* v. *Adams,* 283 Mich. 48; and authorities annotated in 69 A. L. R. p. 1142 *et seq.,* and 129 A. L. R. p. 101 *et seq.*

We are compelled to agree with the trial judge that plaintiff failed to establish negligence on the part of the defendants. Therefore, the judgment of no cause of action must be affirmed, with costs to appellees.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.