### JORGENSEN v. HOWLAND.

1. Trial—Agreements Between Court and Parties—Binding Effect.

In cause tried before a jury, an agreement between the parties made in the presence of or with the trial court but not in open court and which is denied by either party is not binding (Court Rule No 11 [1945]).

2. Automobiles—Negligence—Contributory Negligence—Proximate Cause—Instructions.

In action to recover damages for injuries sustained in collision of two cars at an intersection, it is incumbent upon the plain-

---

References for Points in Headnotes

[1] 50 Am Jur, Stipulations, §§ 3, 9, 12.
[2–4] 5 Am Jur, Automobiles, §§ 730, 734 et seq.; 53 Am Jur, Trial, §§ 510, 512–514.

tiff to show that he was free from contributory negligence, that defendant was negligent, and that the negligence of defendant was the proximate cause of plaintiff's injuries and as a result of such negligence he has suffered damages and the trial court has the duty of instructing the jury as to the law applicable (Court Rule No 37, § 9 [1945]).

3. TRIAL—INSTRUCTIONS—REQUEST TO CHARGE.

While the trial court has the duty of instructing the jury as to the law applicable to a case whenever a verdict is to be rendered, the failure to charge upon any point of law is not ground for setting aside a verdict unless the instruction is requested (Court Rule No 37, § 9 [1945]).

4. AUTOMOBILES—INSTRUCTIONS.

Where trial court failed to instruct jury in automobile accident case arising out of collision at an intersection as to matters of negligence, contributory negligence and proximate cause regardless of whether or not such instructions were requested, it committed reversible error (CL 1948, §§ 618.58, 618.59; Court Rule No 37, § 9 [1945]).

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 21, 1949. Docket Nos. 14, 15, Calendar Nos. 44,310, 44,311.) Decided September 8, 1949.

Separate actions of case by Jorgen C. and George Jorgensen against Wallace Howland for injuries sustained in an automobile accident. Cross declaration by defendant against plaintiff Jorgen C. Jorgensen for injuries sustained in same accident. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs Jorgensen. Defendant appeals. Reversed and new trial granted.

*L. E. Barnett* and *Paul E. Cholette* (*Edward D. Wells,* of counsel), for plaintiffs.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

Sharpe, C. J. These cases involve two actions for damages as a result of a collision of two automobiles. The causes were consolidated on trial and also on appeal.

The accident out of which these actions arose occurred about the hour of noon on June 7, 1947, at the intersection of M-37 and 100th street in the village of Caledonia, Kent county, Michigan. Plaintiff Jorgen C. Jorgensen was the owner of one car involved in the accident. His son, George Jorgensen, was riding with him. Defendant, Wallace Howland, was the owner and operator of the other car involved. M-37 is a hard-surfaced highway and runs in a northwesterly and southeasterly direction. 100th street runs east and west and intersects M-37. Running parallel with M-37 and to the east is a railroad track and embankment which is built up and graded to a level higher than the surface of M-37. The west rail of the track is 67 feet east of the easterly edge of the concrete on M-37.

The theory and testimony as to how the accident occurred as testified by the litigants is diametrically opposite. Plaintiff Jorgen C. Jorgensen filed a declaration in which he alleges that on the day and hour in question he was driving his automobile upon State highway M-37 in a southeasterly direction and had arrived at the south line of the village of Caledonia at a speed of approximately 40 miles per hour; that as he entered the intersection of M-37 and 100th street the automobile of Wallace Howland was being driven by defendant over the railroad embankment on 100th street at a reckless, unlawful and negligent rate of speed, failed to stop his automobile as he entered M-37 and attempted to cross in front of plaintiff; and that defendant's car collided with plaintiff's car, wrecking plaintiff's car and causing plaintiff permanent injuries.

On the same day plaintiff, George H. Jorgensen, also filed a declaration against defendant, Wallace Howland, in which he alleges that he was a passenger in the car driven by his father, Jorgen C. Jorgensen; that the car was being driven in a southeasterly direction on M-37 at a speed of approximately 40 miles per hour; and that as they entered the intersection of M-37 and 100th street, an automobile driven by defendant on 100th street entered the intersection and collided with the car in which plaintiff was a passenger causing plaintiff severe injuries.

Defendant, Wallace Howland, filed an answer to each declaration in which he denies all of the material allegations contained in each declaration and in a cross declaration filed in the case of Jorgen C. Jorgensen versus Wallace Howland and alleges that on the day and hour in question he was driving his car on M-37 in a northwesterly direction and that as he entered the mentioned intersection plaintiff Jorgen C. Jorgensen was driving a car on 100th street in a westerly direction and attempted to cross M-37 without coming to a stop at the easterly edge of M-37 and collided with defendant, wrecking his car and causing him painful and permanent injuries.

The cause came on for trial and at the conclusion of the testimony and arguments of counsel the trial court submitted the cause to the jury under instructions to the effect that if plaintiffs were driving on M-37 as they claimed and defendant crossed their path without stopping, plaintiffs were entitled to recover and that if defendant and cross-plaintiff was driving on M-37 as he claimed and plaintiffs' car came from the east on 100th street without stopping defendant was entitled to recover. The jury returned a verdict for each plaintiff.

It also appears that prior to the submission of the case to the jury, defendant submitted the following requests to charge to the court:

"I

"It is alleged in the declarations filed by the 2 plaintiffs in these actions, Jorgen C. Jorgensen and George H. Jorgensen, and testified to by them, that they operated an office supply business in the village of Middleville, Barry county, Michigan, and that at the time of the collision between the 2 automobiles said plaintiffs were on a business trip in connection with their operation of this joint business. You are therefore instructed that the 2 plaintiffs in these actions, Jorgen C. Jorgensen and George H. Jorgensen, were in law engaged in a joint venture, and that any negligence of which Jorgen C. Jorgensen was guilty is chargeable to the other plaintiff, George H. Jorgensen. If you find from the evidence in this case that plaintiff Jorgen C. Jorgensen was guilty of any acts of negligence which contributed to this collision in any manner, neither of the plaintiffs can recover in their respective actions and it would be your duty to return a verdict of no cause of action in both of their actions. 5 Berry on Automobiles (7th ed), p 206; *Farthing* v. *Hepinstall,* 243 Mich 380; *Frisorger* v. *Shepse,* 251 Mich 121; *Hopkins* v. *Golden,* 281 Mich 389.

"II

"If you find from the evidence in this case and by a preponderance of the evidence that plaintiff Jorgen C. Jorgensen was guilty of negligence which was the proximate cause of this collision, and if you further find by a preponderance of the evidence that defendant Wallace Howland was free from contributory negligence, then defendant Howland would be entitled to recover in his cross action and it would be your duty to return a verdict in his favor in such amount as you find he is entitled to recover under the evidence in this case.

"III

"Before any of the parties to this action can recover damages against the other, that particular

party who is seeking damages must satisfy you by a preponderance of the evidence (1) that the party against whom he seeks to recover damages was guilty of negligence, (2) that said negligence was the proximate or producing cause of the collision, and (3) that he, the party who is seeking to recover damages, was free from contributory negligence. This rule of law applies both to the plaintiffs and to the defendant in this action. Unless the party seeking to recover damages has satisfied each of these 3 requirements as I have given them to you, then it would be your duty to return a verdict of no cause of action in the 3 actions brought by these parties."

It also appears that at the close of taking testimony and prior to the submission of the cause to the jury, the trial court invited counsel for all litigants into his office where some discussion was had as to the issues involved and the charges to be given thereon. Following this conference the trial court did not charge the jury on the subjects of joint venture, negligence, contributory negligence and proximate cause except as they may be found in the following charge given by the court:

"Now, if the Jorgensens were driving in a southerly direction towards Middleville and the defendant's, Howland's, car crossed their path without stopping, then Howland was guilty of negligence because if that is true, he crossed M-37, a through traffic highway, without stopping and without giving right-of-way to traffic that was going on that highway. That is a violation of the law and in and of itself amounts to negligence. Now, on the other hand, if it is true that Howland was driving northerly towards Grand Rapids and the Jorgensen's car came from the east on 100th street and crossed, attempted to cross M-37 without stopping, then the Jorgensens or the driver of the Jorgensen's car was guilty of negligence in failing to stop at a through traffic highway without giving right-of-way to traffic on that highway."

Following the verdicts of the jury defendant made a motion for a new trial in which it is alleged that the verdicts of the jury are contrary to the great weight of the evidence; that the court erred in failing to define negligence, contributory negligence and proximate cause in its charge to the jury; in failing to give defendant's requests to charge; and in admitting certain testimony. The court denied the motion for a new trial.

Defendant appeals and urges upon appeal the same reasons given in his motion for a new trial. The trial court attempts to justify his failure to give the requests to charge and in failing to instruct the jury upon the questions of negligence, contributory negligence and proximate cause by stating in a written opinion on motion for new trial that it was agreed between counsel and the court that the only issue to be submitted to the jury was which car was being driven on M-37; and that the driver who attempted to cross M-37 at 100th street was clearly guilty of negligence. It is to be noted that the agreement, if made, was made in the chambers of the trial judge and no record was made of it in open court; and that counsel for defendant denies that any such agreement was made limiting the scope of the instructions. It clearly appears that there is a dispute as to what was agreed upon in the chambers of the trial court. The agreement, if made, was in violation of Court Rule No 11 (1945) which provides:

"No private agreement or consent between the parties to a cause, or their attorneys respecting the proceedings in a cause which shall be denied by either party, shall be binding, unless the same shall have been made in open court, or unless evidence thereof shall be in writing subscribed by the party or his attorney against whom the same is alleged."

In our opinion the above rule includes agreements made in the presence of or with the trial court. One of the purposes of the rule is to prevent exactly the type of controversy as is presented in the case at bar.

In a case of the nature involved here plaintiff must allege in his declaration and prove upon the trial that he was free from contributory negligence; that defendant was negligent; and that the negligence of defendant was the proximate cause of his injuries and as a result of such negligence he has suffered damages. In cases of the nature involved here trial courts have certain duties in relation to the instructions of juries.

Court Rule No 37, § 9 (1945), reads as follows:

"The court shall instruct the jury as to the law applicable to the case whenever a verdict is to be rendered, and in his charge may make such comment on the evidence, the testimony and the character of the witnesses as in his opinion the interests of justice may require. The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested."

CL 1948, §§ 618.58, 618.59 (Stat Ann §§ 27.1038, 27.1039), provide:

"Hereafter in all jury trials in courts of record, in charging or instructing juries, the court shall instruct them only as to the law of the case; and such instructions may be given by the court of its own motion, and shall be taken in full by the court stenographer, or in case there be no stenographer, shall be in writing and filed in the case."

"After the evidence is concluded, and before the case is argued or submitted to the jury, either party may present written requests for instructions on any point of law arising in the cause, and upon such written requests so presented, an argument may be made

by counsel for the respective parties previous to the court passing thereon. Any request not covered by the charge as given, shall be deemed to be refused."

In *Barton* v. *Gray,* 57 Mich 622, 631, we said:

"Undoubtedly it is the duty of the court to present to the jury the substantial issues in the cause, and to state to them the principles of law governing the rights of the parties, whether any specific instructions are requested by counsel or not."

See, also, *Crippen* v. *Hope,* 38 Mich 344; *Jageriskey* v. *Detroit United Railway,* 163 Mich 631; *Pierson* v. *Smith,* 211 Mich 292; *Daigle* v. *Berkowitz,* 273 Mich 140.

Under the above authority it was the duty of the court to instruct the jury upon the law of the case regardless of whether or not such instructions had been requested. The instructions should have included the questions of contributory negligence, negligence and proximate cause. The failure of the trial court to instruct upon the above is prejudicial error and commands reversal. Other issues have been raised but in view of our decision need not be discussed.

The judgments are reversed and a new trial granted, with costs to defendant.

Bushnell, Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.