## WALDEN *v.* GREEN.

AUTOMOBILES—GUEST PASSENGERS—GROSS NEGLIGENCE—EVIDENCE.
Evidence failed to sustain guest passenger's claim that host motorist was guilty of gross negligence or wilful and wanton misconduct in colliding with cement signal abutment in center of street at 6:20 a.m. while the lights were on in the car and the sign, there being nothing upon which a finding of a reckless state of mind in defendant could be predicated (PA 1949, No 300, § 401).

Appeal from Wayne; Fitzgerald (Neal E.), J. Submitted April 11, 1956. (Docket No. 5, Calendar No. 46,667.) Decided June 4, 1956.

REFERENCES FOR POINTS IN HEADNOTES
5 Am Jur, Automobiles §§ 231, 241.
Liability of owner or operator for injury to guest. 20 ALR 1014; 26 ALR 1425; 40 ALR 1338; 47 ALR 327; 51 ALR 581; 61 ALR 1252; 65 ALR 952.
What amounts to gross negligence, recklessness, or the like, within statute limiting liability of owner or operator of automobile for injury to guest. 74 ALR 1198; 86 ALR 1145; 96 ALR 1479.

Case by Tyyne Walden against Bernard Green for damages for personal injuries received while guest passenger in defendant's automobile. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Jacob A. Tolonen,* for plaintiff.

*Carl F. Davidson* (*Roy P. Nelson,* of counsel), for defendant.

Kelly, J. Plaintiff sought damages for injuries received while riding as a passenger in defendant's car, claiming defendant was guilty of gross negligence or wilful and wanton misconduct.[*] At the close of plaintiff's proofs, the court directed a verdict for defendant.

The accident occurred on Linwood avenue, in the city of Detroit, as defendant was driving his car across a railroad track. The only testimony offered to give any evidence as to how the accident occurred was plaintiff's testimony, as follows:

"*Q.* Now, state whether or not before you get to the railroad track, whether there is a sign in the center of Linwood?

"*A.* Yes.

"*Q.* What kind of a sign is it?

"*A.* It is cement built down at the bottom, and then there is a light up higher.  *  *  *  It was twenty after six in the morning when we were going down Linwood. It was dark yet; the lights were on the car and there was a light on the sign.

"*Q.* Now, as you were going down Linwood, tell us what happened?

"*A.* Well, he bumped on that railroad crossing sign.

---

[*] PA 1949, No 300, § 401 (Stat Ann 1955 Cum Supp § 9.2101).— Reporter.

"*Q.* And then where did the car go, after it ran into there?

"*A.* It seemed to go,—the car seemed to go on that side, and then bumped into something else on that side. * * *

"*Q.* Where were you sitting?

"*A.* I was sitting behind.

"*Q.* Behind the driver; is that right?

"*A.* Yes.

"*Q.* How many people were there in the car other than Mr. Green, the driver?

"*A.* Two besides me. One was sitting on the right-hand side of me, and one with the driver, in the front seat. It was a woman that was sitting in the same seat with the driver and a man was sitting in the same seat with me.

"*Q.* Well, did you notice that he was going to bump that sign, or hit that sign before he hit it?

"*A.* No, I didn't notice until he struck the post."

On cross-examination, plaintiff testified:

"*Q.* And I also understand that you yourself did not see this object that my client struck that morning?

"*A.* Well, I see it after—

"*Q.* (Interposing) After the accident?

"*A.* Just when it struck.

"*Q.* I see. But, you didn't see it before that time?

"*A.* No."

Plaintiff's case is predicated on the theory that defendant had previously driven across the tracks and knew the signal abutment was in the center of the street and that, therefore, "defendant ran into the sign deliberately."

There is nothing in this record upon which a reckless state of mind could be predicated, or that defendant knew the abutment was there and intentionally struck it.

In *Van Blaircum* v. *Campbell,* 256 Mich 527, this Court said:

"Perhaps he was not as watchful as he should have been. * * * This mere failure, or inadvertence, or lack of care is, at most, ordinary negligence, so called."

The record in this case does not sustain the charge of gross negligence or wilful and wanton misconduct of the defendant.

The trial court did not err in directing a verdict for the defendant. Judgment affirmed.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.